[No. 9288.  Department Two.  January 20, 1911.]

## A. S. CROWDER, *Appellant*, v. W. J. MORPHY *et al.*, *Respondents.*[1]

LIMITATION OF ACTIONS—TOLLING STATUTE—ABSENCE. The statute
of limitations is not tolled by absence of the debtor from the state,
where his business kept him out of the state only part of the time,
and at all times he maintained a home in this state at which his
wife and children resided, and where service of process could have
been made under Rem. & Bal. Code, § 226, regardless of any distinc-
tion between domicile and residence.

LIMITATION OF ACTIONS—BAR OF PRINCIPAL DEBT—ANNUAL IN-
STALLMENTS OF INTEREST. A contract for annual installments of
interest is merged in the judgment thereon, and the statute of
limitations running against the judgment bars any recovery for
annual interest on the contract or judgment.

Appeal from a judgment of the superior court for Pierce
county, Shackleford, J., entered June 25, 1910, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action on a judgment.  Af-
firmed.

*John C. Stallcup* and *J. W. A. Nichols*, for appellant.

CHADWICK, J.—This action was brought on a judgment
entered December 11, 1893, in favor of plaintiff and against
defendant W. J. Morphy.  No part of the judgment has
ever been paid.  This action was begun on the 19th day of

[1]Reported in 112 Pac. 742.

April, 1907. It is alleged in the complaint that, some time during the year 1897, respondent W. J. Morphy left the state of Washington and became a resident of the city of Chicago, in the state of Illinois; that the judgment was taken upon a community debt, and that defendants have accumulated a large amount of property in Pierce county which is properly chargeable with the judgment. The prayer of plaintiff's complaint is for the original indebtedness and accumulated interest, and for equitable relief. The trial judge found that respondents had continued to reside in this state until after the statute of limitations had run, and accordingly gave judgment for the defendants.

The testimony fairly shows that, while respondent W. J. Morphy had business which kept him out of the state of Washington to some extent between the years 1897, and August, 1900, he was in the state a part, if not the greater part, of the time; that he maintained a home at which his wife and children resided at all times, either in Seattle or Tacoma, and that service could have been had under the statute at any time prior to August 15, 1900. Counsel seek to draw a distinction between domicile and residence. While the discussion is engaging, it can have no bearing on this case, the question being fully covered by the statute, Rem. & Bal. Code, § 226. The whereabouts of the husband is wholly immaterial, so long as a home is maintained at which service may be made, when it appears that his absence was of a temporary or casual nature; the better rule being that the statute will operate without the saving clause if process might be served.

"If the defendant is domiciled or resident within the state, although he may be temporarily absent therefrom, provision is made by our laws, by which the plaintiff may commence a personal action against him, in which a judgment may be obtained, which will be binding and conclusive between the parties to all intents and purposes; and therefore, in such a

case, no saving of the right of the plaintiff to commence such suit is necessary." *Sage v. Hawley*, 16 Conn. 106.

See, also, *Penley v. Waterhouse*, 1 Iowa 498; *Blodgett v. Utley*, 4 Neb. 25.

It is further contended that, although the principal debt be barred by the statute, the interest being payable annually under the original contract, appellant should have had judgment for the annual installments of interest accruing within six years prior to August 15, 1900. *Amy v. Dubuque*, 98 U. S. 470; *Koshkonong v. Burton*, 104 U. S. 668, and 25 Cyc. 1103, are cited to sustain the proposition that, where interest is payable in installments, an independent action may be brought, and where the interest is evidenced by coupon notes, they become independent obligations and fix the time for the running of the statute from the date of their own maturity. It is argued that, in principle, these authorities govern here; but this action is brought on the judgment and not on the contract. When the original action was brought, the contract was merged in the judgment, and the interest became a statutory incident only. The statute having run against the judgment, we know of no rule that would save the interest or any part thereof.

Judgment affirmed.

DUNBAR, C. J., RUDKIN, MORRIS, and CROW, JJ., concur.