## In re Thomas James HERKENHOFF and Susan Mae McGee Herkenhoff, Debtors.

### Bankruptcy No. 89–01164–BKC–J13.

United States Bankruptcy Court, E.D. Missouri, E.D.

July 11, 1989.

John V. LaBarge, Jr., St. Louis, Mo., trustee.

T.J. Mullin, Clayton, Mo., for Thomas and Susan Herkenhoff, debtors.

Jeanne M. Fox, St. Louis, Mo., for claimant.

## ORDER

JAMES J. BARTA, Chief Judge.

The former spouse of Thomas James Herkenhoff has filed an objection to confirmation of the Chapter 13 Plan. The Plan proposes to pay pre-petition child support arrearages in full with interest, after distributions to administrative claimants, debts secured by junior liens on real estate, secured claims to the extent of the value of the collateral, and priority tax claims. After a consideration of the written memoranda submitted by the parties, and having considered counsel's oral arguments, the Court announced its decision from the bench on June 22, 1989.

Not all individuals are eligible for relief under Chapter 13 of the United States Code. Congress has established certain minimal requirements with respect to income and amount of debt which must be satisfied by each debtor. *See,* 11 U.S.C. §§ 109(e) and 101(29).

Similarly, not all proposed Chapter 13 plans may be confirmed merely because they provide for the payment of all of a

**586**

debtor's obligations. A plan may not unfairly discriminate against any class of unsecured claims designated as provided in Section 1122 of the Bankruptcy Code. *See,* 11 U.S.C. § 1322(b)(1).

 Therefore, a Chapter 13 plan may provide for the payment of past due child support. *In re Curtis,* 5 BCD 1214, 2 B.R. 43 (Bankr.W.D.Mo., 1979); *In the Matter of Lanham,* 7 BCD 1358, 13 B.R. 45 (Bankr.C.D.Ill., 1981).

Furthermore, the proposed plan may also provide a separate or different classification for past due. child support, and may also provide for enhanced payment of the claims so classified. *In re Curtis,* supra 5 BCD at 1214, 2 B.R. 43.

However, absent the consent of the recipient of a child support award, or absent the consent of the custodial parent of such recipient, such a proposed Chapter 13 plan generally cannot be confirmed if the recipient's rights are altered. A debt for child support is a non-dischargeable obligation in a Chapter 13 case. *See,* 11 U.S.C. § 1328(a)(2). A non-consensual Chapter 13 plan, therefore, cannot disturb the recipient's rights and judgments obtained in an appropriate non-bankruptcy court. In the case being considered here, the recipient or custodial parent have not consented to payment through the Chapter 13 plan.

It is conceivable, however, that a proposed plan could provide for payment of a child support debt without altering the recipient's rights as they existed at the commencement of the case. Such a plan may be confirmed without the consent of the recipient or the custodial parent. These circumstances do not exist in this case. Therefore,

IT IS ORDERED that the objection of Sophie Lueschke to confirmation of the Debtors' plan is sustained; and that the Debtors' request to confirm the plan filed on March 23, 1989, is not confirmed; and that upon the Debtors' oral request, the hearing to consider confirmation of an Amended Plan be continued and reset to *July 27, 1989 at 9:30 a.m. in Bankruptcy Court No. 1, United States Court House,* *1114 Market Street, 7th Floor, St. Louis, Missouri.*