**In re Steven W. CRABLE, Debtor.**

**Bankruptcy No. 94–31347.**

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 26, 1994.

Carol B. Meinhart, Radcliff, for debtor.

William W. Lawrence, Trustee, Louisville, KY.

John J. Greive, Louisville, KY, for creditor Patricia Lannan.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Chief Judge.

This matter is presently before this Court on Creditor, Patricia Lannan's ("Lannan"), Objection to Debtor's treatment of her claim for child support arrearages without interest. Debtor, Steven W. Crable ("Crable"), takes the position that Lannan is not entitled to post-petition interest on her claim because it is an unsecured claim. Lannan, on the other hand, advances the position that the holder of a claim for child support arrearages is entitled to post-petition interest. Having reviewed the briefs filed by both parties, as well as the statements of counsel at the July 6, 1994 confirmation hearing, this Court finds that interest on Lannan's claim will continue to accrue post-petition and will survive dis-

charge upon completion of Crable's Chapter 13 Plan. Accordingly, this Court sustains Lannan's objection.

## FACTS

On February 2, 1994, the Jefferson Circuit Court awarded Lannan a judgment for child support arrearages accumulating from March 1, 1984 through December 1992. Kentucky Revised Statute 360.040 provides that "[a] judgment shall bear twelve percent (12%) interest compounded annually from its date." Such interest interest at 12% began accruing on Lannan's judgment on February 2, 1994.

On May 13, 1994, Crable filed his Chapter 13 Petition in bankruptcy listing the child support obligation. Crable has taken the position, however, that Lannan is not entitled to the accrual of interest post-petition because her claim is unsecured.

## LEGAL DISCUSSION

A debt for child support is a nondischargeable obligation in a Chapter 13 case. 11 U.S.C. § 1328(a)(2). The issue presently before the Court is whether interest on a judgment for child support arrearages continues to accumulate post-petition. The Sixth Circuit has not addressed this issue. In fact, it does not appear that any of the Circuits have addressed this particular issue. Nevertheless, at least one jurisdiction has held that a proposed Chapter 13 plan which disturbs or alters a child support recipient's rights and judgment obtained under State law cannot be confirmed without the consent of the custodial parent of such recipient. *In re Herkenhoff,* 101 B.R. 585, 586 (Bankr. E.D.Mo.1989).

In the present case, pursuant to state law, K.R.S. 360.040, Lannan, as the custodial parent, is entitled to receive interest at 12% on the judgment for child support arrearages which she obtained in Jefferson Circuit Court. Under the holding of *Herkenhoff,* 101 B.R. at 585, this right cannot be altered by Crable's Chapter 13 Plan unless Lannan has consented to such an alteration of her rights. Clearly, she has not given such consent. Accordingly, this Court finds that post-petition interest at 12% continues to accrue throughout the pendency of this Chapter 13 proceed-

ing on Lannan's claim for child support arrearages.

While there are no cases from either this or any other jurisdiction regarding the issue of whether interest continues to accrue post-petition on a claim for child support arrearages, this Court finds the cases on post-petition interest for student loan claims to be analogous. The law is clear that "nothing in the Bankruptcy Code interferes with the student loan claim holder's right to accrue post-petition interest as a personal liability of the debtor—a liability that survives discharge upon completion of payments to other creditors." 3 K. Lundin, *Chapter 13 Bankruptcy* § 9.13, at 9–19 (2d ed. 1994); *accord In re Jordan,* 146 B.R. 31, 32–33 (Bank.D.Col. 1992).

In *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), a pre-Code case involving the nondischargeability of post-petition interest on a tax debt, the United States Supreme Court held that post-petition interest on a nondischargeable debt is likewise nondischargeable. This rule applies not only to interest on a tax debt, "but to interest on any debt that is nondischargeable under another Code section." *Jordan,* 31 B.R. at 32; *Fullmer v. United States,* 962 F.2d 1463, 1468 (10th Cir.1992); *Payne v. Brace,* 131 B.R. 612, 614 (Bankr.W.D.Mich. 1991); *Members Credit Union v. Kellar,* 125 B.R. 716, 721 (Bank.N.D.N.Y.1989).

■ It should be noted, however, that a student loan claim holder, and likewise a child support arrearages claim holder, cannot have an allowable claim for post-petition (unmatured) interest *during the pendency* of the Chapter 13 case. 11 U.S.C. § 502(b)(2); 3 K. Lundin, *Chapter 13 Bankruptcy* § 9.13, at 9–19. Nevertheless, such interest does continue to accrue and survives discharge upon completion of the Chapter 13 Plan. 3 K. Lundin, *Chapter 13 Bankruptcy* § 9.13, at 9–19.

### CONCLUSION

For the above stated reasons, this Court sustains Creditor, Patricia Lannan's, Objection to Debtor's treatment of her claim for child support arrearages and, accordingly,

holds that interest at 12% will continue to accrue post-petition on Creditor, Patricia Lannan's, claim for child support arrearages and will survive discharge upon completion of Debtor's Chapter 13 Plan.