204 F.3d 888 (9th Cir. 2000)
 In re: ARTISAN WOODWORKERS, Debtor.
JOHN C. WARD, d/b/a ARTISAN WOODWORKERS, Appellant,
v.
BOARD OF EQUALIZATION OF CALIFORNIA, Appellee.
In re: RUDY BOSSERT, Debtor.
RUDY BOSSERT, Plaintiff-Appellee,
v.
UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, Defendants-Appellants.
 Nos. 98-17319, 99-35349.
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Submitted December 1999*
Argued and Submitted December 10, 1999
Filed February 23, 2000
 
 COUNSEL: Richard V. Day, Napa, California, for appellant Ward.
 Julian O. Standen, Deputy Attorney General, San Francisco, California, for appellee Board of Equalization of California.
 Curtis C. Pett, Tax Division, United States Department of Justice, Washington, D.C., for defendants-appellants United States of America, et al.
 James P. Hurley, Hurley, Lara & Adams, Yakima, Washington, for plaintiff-appellee Bossert.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Smith, Meyers and Ryan, Judges, Presiding. BAP No.NC-97-01284-SmMeRy
 Appeal from the United States District Court for the Eastern District of Washington; Edward F. Shea, District Judge, Presiding. D.C. No. CV-97-3071-EFS
 Before: Thomas M. Reavley,** Stephen Reinhardt and M. Margaret McKeown, Circuit Judges.
 REAVLEY, Circuit Judge:
 
 
 1
 The question presented by these two bankruptcy cases is whether post-petition interest on a nondischargeable tax debt under 11 U.S.C. S 523(a)(1)(A) is also nondischargeable. Following the authority of Bruning v. United States ,[1] we hold that post-petition interest is an "integral part" of such a tax debt and therefore nondischargeable under 11 U.S.C. S 523(a)(1)(A).
 
 
 2
 We have jurisdiction over bankruptcy appeals from the district court and the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") under 28 U.S.C. S 158(d). All of the issues in the instant cases are questions of law which we review de novo.[2]
 
 
 3
 * The Ward Appeal
 
 
 4
 Board of Equalization of California v. Ward is a chapter 11 case in which debtor John Ward ("Ward"), doing business as Artisan Woodworkers, appeals from the judgment of the BAP. Ward contends that he is not personally liable for postpetition, pre-confirmation, interest on an otherwise nondischargeable tax debt that he owes to appellee creditor, the California State Board of Equalization ("the Board"). We affirm.
 
 
 5
 Ward filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Board filed a claim against the bankruptcy estate for the principal amount of the tax debt and prepetition interest. The Board also included post-confirmation interest in its claim, but the claim did not include postpetition, pre-confirmation interest and penalties.
 
 
 6
 The bankruptcy court confirmed Ward's chapter 11 plan of reorganization, which provided for the full payment of the Board's claim over 37 months at ten percent per annum postconfirmation interest. Ward satisfied the requirements of the plan in full. Subsequent to Ward's discharge, the Board issued an assessment against Ward for post-petition, preconfirmation, interest and penalties and later recorded a lien against Ward for this amount.
 
 
 7
 Ward initiated an adversary proceeding challenging the Board's assessment and collection efforts. The bankruptcy court entered judgment in favor of Ward, holding that he was not personally liable for post-petition, pre-confirmation interest and penalties. The BAP reversed, holding that Ward was personally liable for such interest and penalties. Appealing to this court from the judgment of the BAP, Ward contends he is not liable for post-petition interest and penalties, but he does not distinguish between post-petition penalties and post petition interest. As Ward does not raise the issue, we will, without deciding, treat post-petition penalties as equivalent to post-petition interest for the purpose of this opinion.
 
 II.
 The Bossert Appeal
 
 8
 Bossert v. United States is a chapter 12 case in which the creditor, the Internal Revenue Service ("IRS"), appeals from the judgment of the district court. The IRS contends that appellee debtor Rudy Bossert ("Bossert") is personally liable for post-petition interest on his nondischargeable tax debt. We reverse.
 
 
 9
 Bossert filed a chapter 12 bankruptcy petition. The bankruptcy court confirmed Bossert's debt reorganization plan, which provided for the full payment of his pre-petition tax debt. The plan did not discuss post-petition interest. Bossert successfully completed the plan, and the bankruptcy court granted him a discharge. After the discharge, the IRS issued a notice of levy for unpaid post-petition interest and penalties.
 
 
 10
 Bossert filed the current adversary proceeding to contest the IRS' assessment and its collection efforts. The bankruptcy court entered judgment in favor of Bossert and held that he was not personally liable for post-petition interest but was liable for post-petition penalties. The IRS then appealed to the district court, which affirmed the bankruptcy court's judgment. Appealing to this court from the judgment of the district court, the IRS contends that Bossert is personally liable for post-petition interest. Bossert does not cross-appeal the issue of liability for post-petition penalties.
 
 III.
 Discussion
 
 11
 The Ward and Bossert appeals turn on the distinction between a creditor's claim against the bankruptcy estate as compared to a debtor's personal liability for certain classes of debt excepted from discharge. A bankruptcy estate is created when a debtor initiates a bankruptcy proceeding by filing a petition. With several exceptions not pertinent to these appeals, a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."[3]
 
 
 12
 Once a petition has been filed, the Bankruptcy Code's automatic stay provision generally bars a creditor from attempting to collect a debt from the debtor, the debtor's property, or the property of the estate by means other than filing a claim against the bankruptcy estate ("a claim").[4] A creditor's claim, if contested, is restricted to the amount of the debt as valued on the date the petition was filed.[5] In addition, a contested claim may not include post-petition interest as such "unmatured interest" was not part of the debt as of the date of the petition.[6]
 
 
 13
 The amount actually paid out of the estate on each claim, and in what order each claim is paid, is determined by the debtor's plan of reorganization ("the plan"). Under both chapters 11 and 12, once the bankruptcy court confirms a plan, its terms bind the debtor and all creditors.[7] In a chapter 11 bankruptcy, the confirmation of a plan also "discharges the debtor from any debt that arose before the date of such confirmation."[8] In a chapter 12 bankruptcy, on the other hand, a debtor is not discharged at confirmation but when he completes all payments under the plan.[9] Neither chapter 11 nor chapter 12, however, discharge a debtor from personal liability for a tax debt excepted from discharge by 11 U.S.C. S 523(a)(1)(A).[10]
 
 
 14
 Ward and Bossert acknowledge that the amount of their tax debts, as of the date they filed their petitions, was excepted from discharge. Ward argues, however, that his discharge relieved him of personal liability for post-petition, preconfirmation, interest on the tax debt. Similarly, Bossert contends that his personal liability for post petition-interest was discharged. The question presented by both appeals is whether post-petition interest on a tax debt excepted from discharge under 11 U.S.C. S 523(a)(1)(A) is also excepted from discharge.
 
 
 15
 The Supreme Court squarely addressed this issue in Bruning v. United States.[11] Bruning held that post-petition interest on a tax debt excepted from discharge underS 17 of the Federal Bankruptcy Act[12] is likewise nondischargeable. The Court reasoned as follows:
 
 
 16
 In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an inte gral part of a continuing debt. Interest on a tax debt would seem to fit that description. Thus, logic and reason indicate that post-petition interest on a tax claim excepted from discharge by S 17 of the Act should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.[13]
 
 
 17
 As S 17 of the Bankruptcy Act and S 523(a)(1)(A) of the Bankruptcy Code are functionally equivalent, we see no reason why Bruning is not dispositive of Ward and Bossert's appeals. Following Bruning, therefore, we hold that postpetition interest on a tax debt excepted from discharge, as an "integral part "of such a debt, is also excepted from discharge under 11U.S.C. S 523(a)(1)(A) and recoverable against the debtor personally.
 
 
 18
 Ward argues that Bruning is not applicable to his case, however, as the Court expressly limited its holding to those cases in which a creditor's claim is not paid in full from the bankruptcy estate. Ward bases this argument on the following underlined statement from Bruning, which we place in context:
 
 
 19
 As to claims against the trustee in bankruptcy, the general rule for liquidation of the bankruptcy estate has long been that a creditor will be allowed interest only to the date of the petition in bankruptcy. In New York v. Saper,[14] this court held that the general rule applies to claims against the trustee for taxes as well as for other debts. But the instant case concerns the debtor's personal liability for post-petition interest on a debt for taxes which survives bankruptcy to the extent that it is not paid out of the estate. Petitioner asserts that the traditional rule which denies post petition interest as a claim against the bankruptcy estate also applies to discharge the debtor from per sonal liability for such interest even if the underlying tax debt is not discharged by S 17. We hold that it does not so apply.[15]
 
 
 20
 We do not read the underlined sentence to limit Bruning's holding in any way.
 
 
 21
 Furthermore, Bossert asserts that Bruning does not apply to cases brought under chapter 12 of the Bankruptcy Code. He makes several arguments, but the gravamen of his position is that sections 11 U.S.C. SS 502(a)(2), 1222(a), and 1222(a)(2) result in the discharge of his personal liability for the postpetition interest. These arguments are not well taken. The sections cited by Bossert govern claims against the bankruptcy estate, but they do not affect the exception of tax debts from discharge or a debtor's personal liability.
 
 
 22
 Finally, both Ward and Bossert argue that excepting post-petition interest on a tax debt from discharge would frustrate the Bankruptcy Code's purpose--giving a debtor a fresh financial start. Congress, however, furthered a competing purpose in enacting the exception from discharge provision of 11 U.S.C. S 523(a)(1)(A). As stated in Bruning:
 
 
 23
 Nor is petitioner aided by the now-familiar principle that one main purpose of Bankruptcy Act is to let the honest debtor begin his financial life anew . . . .S 17 is not a compassionate section for debtors. Rather, it demonstrates congressional judgment that certain problems--e. g., those of financing government- override the value of giving the debtor a wholly fresh start. Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy. The general humanitarian purpose of the Bankruptcy Act provides no reason to believe that Congress had a different intention with regard to personal liability for the interest on such debts.[16]
 
 
 24
 Congress' intent to exclude tax debts from discharge is clear under the Bankruptcy Code, and, like the Court in Bruning, we have no reason to believe that Congress intended a contrary result with regard to post-petition interest on such a debt.
 
 IV.
 Judgment
 
 25
 The judgment of the BAP in Ward v. Board of Equalization of California is AFFIRMED. The judgment of the district court in Bossert v United States is REVERSED and the cause REMANDED with direction to render judgment in favor of the IRS.
 
 
 
 Notes:
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).
 
 
 **
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.
 
 
 [1]
 376 U.S. 358, 84 S. Ct. 906, 11 L. Ed. 2d 772 (1964).
 
 
 [2]
 In re Skywalkers, Inc., 49 F.3d 546, 548 (9th Cir. 1995).
 
 
 [3]
 11 U.S.C. S 541(a)(1).
 
 
 [4]
 11 U.S.C. S 362.
 
 
 [5]
 11 U.S.C. S 502(b).
 
 
 [6]
 11 U.S.C. S 502(b)(2).
 
 
 [7]
 11 U.S.C. SS 1141(a), 1227(a).
 
 
 [8]
 11 U.S.C. S 1141(d)(1)(A).
 
 
 [9]
 11 U.S.C. S 1228(a).
 
 
 [10]
 11 U.S.C. SS 1141(d)(2), 1228(a)(2).
 
 
 [11]
 376 U.S. 358, 84 S. Ct. 906, 11 L. Ed. 2d 772 (1964).
 
 
 [12]
 30 Stat. 544, 550, as amended 11 U.S.C. S 35 (1964) (repealed).
 
 
 [13]
 Bruning, 376 U.S. at 360, 84 S. Ct. at 908.
 
 
 [14]
 336 U.S. 328, 69 S. Ct. 554, 93 L Ed. 71 (1949).
 
 
 [15]
 Bruning, 376 U.S. at 361-2, 84 S. Ct. at 908 (internal citations omitted).
 
 
 [16]
 Bruning, 376 U.S. at 361, 84 S. Ct. at 908.