319 F.3d 495
 In re Donald Clifford FOSTER, Debtor,
Donald Clifford Foster, Appellant,
v.
Michael Bradbury, Ventura County District Attorney, Appellee, and
Elizabeth Rojas, Chapter 13 Trustee, Trustee.
 No. 01-56890.
 United States Court of Appeals, Ninth Circuit.
 Submitted December 6, 2002.*
 Filed February 7, 2003.
 
 Susan J. Salehi, Ventura, CA, for the appellant.
 Mary A. Roth, Deputy Attorney General, Office of the Attorney General, State of California Department of Justice, San Francisco, CA, for the appellee.
 Appeal from the United States District Court for the Central District of California; Gary L. Taylor, District Judge, Presiding. D.C. No. CV-00-00838-GLT.
 Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Donald Foster appeals the district court's summary judgment order affirming the Bankruptcy Court's ruling permitting the Ventura County District Attorney to collect post-petition interest on Foster's child support arrearages after the claim was paid in full and his Chapter 13 case had been closed. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We note that Foster's brief fails to comply with Rule 28(a) of the Federal Rules of Appellate Procedure, which requires specific information in appropriate sections and in the order indicated.[1] While failure to comply with Fed. R.App. P. 28(a) is sufficient to justify dismissing Foster's appeal, Han v. Stanford Univ. Dining Servs., 210 F.3d 1038, 1040 (9th Cir.2000), we consider the merits and AFFIRM.
 
 I. Background
 
 2
 Foster filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Central District of California in 1995. Among his unsecured claims entitled to priority, Foster listed a child support debt owed to the Ventura County District Attorney ("the County"). The County filed a proof of claim for $8,918.78. Foster proposed to pay the debt in full over a 36-month term and later received approval to extend the repayment term to 50 months. The County did not oppose Foster's Chapter 13 plan and did not specifically request post-petition interest on the child support debt.
 
 
 3
 On January 31, 2000, the court granted Foster a discharge of his debts, and his case was closed. On February 2, 2000, the County sent a wage assignment to Foster's employer, requiring the employer to withhold $100.00 per month to pay $2,006.75 of interest that accrued on the child support arrearages after Foster filed his original bankruptcy petition.
 
 
 4
 Foster filed a motion to enforce the discharge injunction against the County and stay the wage assignment. He also filed a complaint to determine dischargeability of the post-petition interest.
 
 
 5
 The bankruptcy court granted summary judgment in the County's favor, and the district court affirmed. We review de novo the district court's conclusions of law in a decision on appeal from the bankruptcy court. In re Cardelucci, 285 F.3d 1231, 1233 (9th Cir.2002).
 
 II. Discussion
 
 6
 We have held that post-petition interest on nondischargeable tax debts is also nondischargeable and may be recovered personally against a debtor who has received a discharge on the underlying debt in Chapter 11 and 12 bankruptcies. In re Artisan Woodworkers, 204 F.3d 888, 891-92 (9th Cir.2000) (applying Bruning v. United States, 376 U.S. 358, 360, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964)). Foster argues that nondischargeable child support obligations in Chapter 13 bankruptcies should be treated differently from nondischargeable tax debts in Chapter 11 and 12 bankruptcies. Foster also argues the County's failure to specifically request post-petition interest and object to his Chapter 13 plan constitutes a waiver of the County's right to collect post-petition interest. We disagree.
 
 
 7
 By code, a claim for post-petition interest, e.g., post-petition interest on child support obligations, is not part of the bankruptcy estate because such "unmatured" interest was not part of the debt as of the date of the petition. 11 U.S.C. § 502(b)(2); Artisan Woodworkers, 204 F.3d at 891. Thus, a creditor cannot insist on including post-petition interest in a debtor's Chapter 13 plan. See In re Pardee, 193 F.3d 1083, 1085 (9th Cir.1999) ("[A] creditor is generally not required to object to a plan that does not purport to pay post-petition interest because post-petition interest cannot be collected through the bankruptcy estate pursuant to 11 U.S.C. § 502(b)(2)."). The code does not specifically prohibit collection of post-petition interest after a debtor completes a confirmed Chapter 13 plan.
 
 
 8
 We agree with the weight of authority, including our own Bankruptcy Appellate Panel, that interest on nondischargeable child support obligations, like interest on nondischargeable tax debt, continues to accrue after a Chapter 13 petition is filed and is not dischargeable. In re Foross, 242 B.R. 692, 693 (B.A.P. 9th Cir.1999) (holding that interest accruing post-petition on child support obligation in Chapter 13 plan is not dischargeable); see also In re Pitt, 240 B.R. 908, 911 (Bankr.N.D.Cal. 1999) (holding that non-dischargeable support debts accrue post-petition interest and remain out-standing after discharge of the underlying debt); In re Messinger, 241 B.R. 697, 701 (Bankr.D.Idaho 1999) (same).
 
 
 9
 Several other jurisdictions have also concluded such obligations survive discharge of the underlying debt. In re Jacobson, 231 B.R. 763, 766 (Bankr.D.Ariz. 1999) (holding that a Chapter 13 plan may not provide for payment of unmatured interest on support and maintenance arrearages, even though debtor will eventually be liable for such interest after all plan payments have been made); In re Slater, 188 B.R. 852, 856 (Bankr.E.D.Wash.1995) (confirming a Chapter 13 plan, though plan did not provide for payment of interest because interest on the nondischargeable child support debt continued to accrue against the debtor and could be recovered from him personally at conclusion of the Chapter 13 case); In re Crable, 174 B.R. 62, 63-64 (Bankr.W.D.Ky.1994) (holding that post-petition interest on nondischargeable child support arrearages continues to accrue during the pendency of Chapter 13 proceedings and survives discharge).
 
 
 10
 These decisions rely on the Supreme Court's ruling in Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772, which announced the policy reasons behind finding post-petition interest on a non-dischargeable debt also nondischargeable:
 
 
 11
 [O]ne would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount .... In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt .... [L]ogic and reason indicate that post-petition interest on a tax claim excepted from discharge ... should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.
 
 
 12
 Id. at 360, 84 S.Ct. 906.
 
 
 13
 We conclude that post-petition interest, as an integral part of the nondischargeable child support obligation, is also nondischargeable and may be collected personally against the debtor after the underlying debt is discharged. The district court's grant of summary judgment in favor of the County is AFFIRMED.
 
 
 
 Notes:
 
 
 *
 This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2)
 
 
 [1]
 Foster's brief fails to include a table of contents with page references (Rule 28(a)(2)), a table of authorities (Rule 28(a)(3)), a jurisdictional statement (Rule 28(a)(4)), a summary of the argument (Rule 28(a)(8)), cites to the record in the argument (Rule 28(a)(9)(A)), and a short conclusion stating the precise relief sought (Rule 28(a)(10))