[No. 20800-1-III. Division Three. May 22, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. CAROL Y. CUNNINGHAM, *Appellant*.

*Donald G. Miller*, for appellant.

948

*Steven M. Clem, Prosecuting Attorney,* and *Eric C. Biggar, Deputy,* for respondent.

SWEENEY, J. — Fines, penalties, and forfeitures imposed as part of a criminal sanction are not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(7). Washington's criminal procedural rules impose interest on any fine, penalty, or forfeiture. RCW 10.82.090. The question here is whether this statutorily required interest is dischargeable in bankruptcy. We conclude that the interest is part and parcel of a state criminal sanction and therefore falls within the exception to dischargeability. *In re Thompson,* 16 F.3d 576, 580 (4th Cir. 1994). And we affirm the trial judge's decision to that effect.

## FACTS

Carol Y. Cunningham was convicted on drug charges on July 2, 1992. The court ordered her to pay $910 in penalties and assessments. She paid the principal amount but she claimed that the interest on the penalties and assessments, $230.52, was a debt discharged by her bankruptcy. The State pressed her for payment of the interest. Ms. Cunningham refused payment. The Department of Corrections took the position that her refusal to pay violated the conditions of her community supervision.

Following a revocation hearing, the judge found that the interest accrued on Ms. Cunningham's legal financial obligations was "not discharged under Chapter 7 proceedings and she is still liable and subject to criminal sanctions for failure to pay the same." Clerk's Papers (CP) at 18. And based on this, he ultimately held that Ms. Cunningham had "willfully violated or failed to comply" with the terms of her

sentence; she failed to "make payments toward legal financial obligations; From 12/05/01 through 01/14/[02]." CP at 28-29. The court ordered her to pay $50 in court costs, but suspended the order pending this appeal.

## DISCUSSION

Ms. Cunningham argues that she fully paid the monetary sanctions because the statutorily required interest is not a "criminal penalty." The interest does not, therefore, fall within the exception to dischargeability of criminal fines or penalties in bankruptcy. The State responds that the interest was a condition or sanction imposed by operation of law which inhered in the criminal judgment and sentence. The interest is therefore afforded the same treatment under the bankruptcy code as the principle, which is the nondischargeable penalty, fine, or forfeiture.

### Standard of Review

The dischargeability of the interest on these criminal sanctions is a question of law. And our review is therefore de novo. *In re Marriage of Edwards*, 83 Wn. App. 715, 720, 924 P.2d 44, 932 P.2d 171 (1996) (citing *In re Kritt*, 190 B.R. 382 (B.A.P. 9th Cir. 1995); *In re Gionis*, 170 B.R. 675 (B.A.P. 9th Cir. 1994)).

### Canons of Construction

The bankruptcy code is designed to allow debtors a "fresh start." And so its provisions are interpreted liberally to favor debtors. *In re Bugna*, 33 F.3d 1054, 1059 (9th Cir. 1994). But "fresh start" relief is "limited to the 'honest but unfortunate debtor.'" *Id.* (quoting *Grogan v. Garner*, 498 U.S. 279, 286, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991)). Here, the monetary sanctions and interest follow Ms. Cunningham's conviction for delivery of cocaine.

### Questions of State Law

Generally, the dischargeability of a debt is a question of federal law governed by the bankruptcy code. *In*

*re Baldwin*, 245 B.R. 131, 135 (B.A.P. 9th Cir. 2000); *Edwards*, 83 Wn. App. at 720 n.1. But state law spells out "the existence and *nature* of the debts owed by the bankrupt." *In re Transp. Clearings-Midwest, Inc.*, 16 B.R. 890, 894 n.12 (Bankr. W.D. Mo. 1979) (emphasis added). "What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed is a question which, in the absence of overruling federal law, is to be determined by reference to state law." *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161, 67 S. Ct. 237, 91 L. Ed. 162 (1946).

 Thus, the "determination of dischargeability *vel non* must ordinarily be made in terms of the governing state law." *Transp. Clearings-Midwest*, 16 B.R. at 894 n.12. And specifically here " 'the Bankruptcy Code must be interpreted " . . . in light of the interests of the States in unfettered administration of their criminal justice systems." ' " *In re Warfel*, 268 B.R. 205, 212 (B.A.P. 9th Cir. 2001) (quoting *In re Nelson*, 91 B.R. 904, 905 (Bankr. N.D. Cal. 1988) (quoting *Kelly v. Robinson*, 479 U.S. 36, 44, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986))).

EXCEPTION TO DISCHARGEABILITY

A discharge under [chapter 7 of the bankruptcy code] does not discharge an individual debtor from any debt—

. . . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . .

11 U.S.C. § 523(a)(7). And this is because "[b]ankruptcy . . . is meant to protect those in economic, not legal difficulty. It was not meant as a refuge for criminals." *State v. Eyre*, 39 Wn. App. 141, 143, 692 P.2d 853 (1984).

This policy ensures that a debtor cannot use bankruptcy to escape punishment for wrongful conduct. *In re Crowley*, 259 B.R. 361, 369 n.6 (Bankr. W.D. Mo. 2001). Discharge exceptions for debts or fines, penalties, or forfeitures pre-

serve "from discharge any condition a state criminal court imposes as part of a criminal sentence." *In re Taggert*, 249 F.3d 987, 993 n.9 (9th Cir. 2001).

Nondischargeability under 11 U.S.C. § 523(a)(7) generally requires:

(1) a "debt" as defined by 11 U.S.C.A. § 101;

(2) in the nature of a "fine, penalty, or forfeiture";

(3) "payable to and for the benefit of a governmental unit"; and

(4) "not in compensation for actual pecuniary loss."

James E. Lockhart, Annotation, *Debts Arising from Penalties as Exceptions to Bankruptcy Discharge Under §§523(a)(7), (13) and 1328(a) of Bankruptcy Code of 1978 (11 U.S.C.A. § 523(a)(7), (13), and 1328(a))*, 150 A.L.R. Fed. 159, 189 (1998) (quoting 11 U.S.C. § 523(a)(7)). These four steps do not provide a perfect analytical framework to answer the question before us. We will nonetheless briefly discuss each.

*"Debt" cognizable in bankruptcy. In re Hubbard* is instructive. *In re Hubbard*, 161 B.R. 173 (Bankr. N.D. Tex. 1993). There, the debtor argued that although the fine itself might be a "debt" within the meaning of 11 U.S.C. § 523(a)(7), the interest was not a part of the debt. The court rejected that argument. It first noted that 11 U.S.C. § 101(12) defined the term "debt" as a "liability on a claim." And § 101(5)(A) defined "claim" to include a *right to payment* whether or not the right to payment was liquidated. The total interest owed was, of course, not liquidated since it was calculated on a monthly basis. The court concluded, nevertheless, that it constituted a *right to payment*. And, therefore, the entire obligation was nondischargeable.[1] The court ultimately held that both the criminal fine and the

---

[1] *See also In re Hanna*, 872 F.2d 829, 830-31 (8th Cir. 1989) (postpetition interest on a nondischargeable tax claim in a chapter 7 case is likewise nondischargeable); *In re Burns*, 887 F.2d 1541, 1543 (11th Cir. 1989); *In re Haberman*, 137 B.R. 292 (Bankr. E.D. Wis. 1992) (when the costs of a disciplinary proceeding awarded against a chapter 7 debtor are held to be nondischargeable, interest on the cost judgment is nondischargeable as well).

statutory interest did not relate to "pecuniary loss" and therefore were not dischargeable. *Hubbard*, 161 B.R. at 175.

■ *Obligation in nature of "fine, penalty, or forfeiture."* "Only monetary sanctions that are intended as punishment are 'fines or penalties,' as that term is used in § 523(a)(7)." *Warfel*, 268 B.R. at 210 (citing *Taggart*, 249 F.3d at 992-94). This exception "creates a broad exception for all penal sanctions, whether they are denominated fines, penalties, or forfeitures." *Kelly*, 479 U.S. at 51, *quoted in Taggart*, 249 F.3d at 994. But a fine, penalty, or forfeiture need not be punitive, deterrent, or rehabilitative to be nondischargeable. *In re Kish*, 204 B.R. 122, 129 (Bankr. D.N.J.), *rev'd on other grounds*, 212 B.R. 808 (D.N.J. 1997). Even if the obligation is remedial, it may be nondischargeable. *In re Ott*, 218 B.R. 118, 124 (Bankr. W.D. Wash. 1998).

*Payable for the benefit of the government.* No one suggests that the interest here benefits anyone other than the government.

■ *Payment "not in compensation for actual pecuniary loss."* If an obligation compensates for pecuniary loss, it may well be dischargeable. *In re Thompson*, 16 F.3d 576, 578 (4th Cir. 1994). But the interest here is part of a criminal sanction by statute. RCW 10.82.090.

In *Thompson* the court held that costs of prosecution charged against a convicted criminal defendant were not dischargeable in bankruptcy. *Thompson*, 16 F.3d at 581. The court observed that payment of such costs is a condition of probation. *Id.* at 580. And as such, it was part of the "penalty," not "compensation for pecuniary loss." *Id.* These costs then in *Thompson* were not dischargeable under 11 U.S.C. § 523(a)(7). *Id.*

Similarly, the payment of the interest here was a condition of Ms. Cunningham's community placement—which is comparable to a probation condition as discussed in *Thomp-*

*son.* The court declared her in violation of her conditions for failure to pay the interest. That interest then inheres in the penalty for purposes of 11 U.S.C. § 523(a)(7) and is not dischargeable. *Kelly*, 479 U.S. at 53. The same principle is also illustrated in another Washington civil case. In *Crowder v. Morphy*, the court held that if judgment interest is statutorily incident to the judgment, it inheres in the judgment. *Crowder v. Morphy*, 61 Wash. 626, 628, 112 P. 742 (1911). And either both are collectible or neither is collectible. *Id.*

## IN RE GAMES

Ms. Cunningham relies on language in *In re Games*.[2] And certainly the language in *Games* would appear to support her position:

> This court has held in *In re Bossert*, 201 B.R. 553, 559 (Bankr. E.D. Wash. 1996) interest is compensation for loss of use of money and therefore dischargeable.

*In re Games*, 213 B.R. 773, 776 (Bankr. E.D. Wash. 1997). But there are several problems.

First, the language Ms. Cunningham relies on is dictum. The issue before the *Games* court was:

> Does the Debtor's Chapter 13 plan which proposes to pay criminal traffic fines one hundred percent while paying the remainder of the general unsecured claims zero percent discriminate unfairly against the unfavored class of unsecured claimants?

*Games*, 213 B.R. at 775. The question of the dischargeability of interest was then unnecessary for the decision. *See DCR, Inc. v. Pierce County*, 92 Wn. App. 660, 683 n.16, 964 P.2d 380 (1998); *State v. Potter*, 68 Wn. App. 134, 149 n.7, 842 P.2d 481 (1992).

Second, as we have noted, the interest here was imposed as part of a *criminal sanction*. And the bankruptcy courts then view it differently. *Thompson*, 16 F.3d at 580.

---

[2] 213 B.R. 773 (Bankr. E.D. Wash. 1997).

Finally, *Bossert*, the case *Games* relied upon, was reversed. *In re Bossert*, 201 B.R. 553 (Bankr. E.D. Wash. 1996), *aff'd*, 230 B.R. 172 (E.D. Wash. 1999), *rev'd sub nom. In re Artisan Woodworkers*, 204 F.3d 888 (9th Cir. 2000). There, the Ninth Circuit held that *because* " 'interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment' " it is " 'an integral part of a continuing debt.' " *Artisan*, 204 F.3d at 891 (quoting *Bruning v. United States*, 376 U.S. 358, 360, 84 S. Ct. 906, 11 L. Ed. 2d 772 (1964)). And that is precisely what we hold.

STATUTORY INTEREST IN WASHINGTON

Finally, Ms. Cunningham argues that the interest was not "ordered" by the court, since it was automatically imposed by statute.

▇▇ "Financial obligations imposed in a judgment shall bear interest from the date of the judgment until payment, at the rate applicable to civil judgments." RCW 10.82.090.

The imposition of interest under RCW 10.82.090 is mandatory. *State v. Claypool*, 111 Wn. App. 473, 475, 45 P.3d 609 (2002), *review denied*, 148 Wn.2d 1004 (2003). Statutory interest is then part of the criminal statutory scheme. And as such it is necessarily a part of a defendant's punishment. In *Steiger*, the court held it did not matter that restitution was mandatory in Washington, thereby affording the judge no discretion, because in Washington mandatory restitution was part of Washington's *sentencing scheme*. *In re Steiger*, 159 B.R. 907, 911 (B.A.P. 9th Cir. 1993).

The purpose of a criminal sanction is then furthered by requiring the defendant to pay interest on those fines imposed as sanctions for a crime. If it were not so, the value of the fine or forfeiture would be lessened by time. The debt then is part of a criminal sanction and interest is part of the debt (by statute). RCW 10.82.090. So to permit the criminal defendant to avoid interest would reduce the punitive effect of this criminal sanction.

The imposition of interest here is part of a broader criminal statutory scheme. *See Taggart,* 249 F.3d at 991-94 (holding that the focus of a dischargeability analysis under 11 U.S.C. § 523(a)(7) is the state statutory scheme and legislative purpose upon which the obligation arose). The sentencing judge need not, then, specifically order that interest be paid.

We reject then Ms. Cunningham's objection here on appeal that the interest was not part of the criminal sanction simply because it was not ordered by the trial judge.

## CONCLUSION

The Supreme Court's holding in *Kelly v. Robinson* is broad:

> [W]e hold that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence.

*Kelly,* 479 U.S. at 50. Here, the interest imposed by virtue of RCW 10.82.090, i.e., by operation of law, on every criminal fine or penalty is not therefore dischargeable in bankruptcy. We, then, affirm the judgment of the trial court.

BROWN, C.J and KURTZ, J., concur.