IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re: The Marriage of: | ) | |
| | ) | No. 31920-2-III |
| JENNY M. BUCKLEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOHN T. BUCKLEY, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — The primary issue in this appeal concerning an amended child support calculation involves the court's characterization of a business asset as a normal business expense. We conclude that the trial court did not abuse its discretion in its treatment of the asset and ensuing calculation of the husband's income. The judgment is affirmed.

## FACTS

The marriage of Jenny and John Buckley was dissolved in 2004. Their two children were teenagers at the time of the hearing at issue in this appeal. Mr. Buckley is

self-employed as the owner of Buckley Financial Services, while Ms. Buckley works for the Walla Walla Chamber of Commerce. In 2012, Ms. Buckley sought to adjust the existing child support order. The valuation of Mr. Buckley's business was the significant issue at the hearing.

Ms. Buckley sought to prevent Mr. Buckley from deducting various expenses from his monthly income. The trial court agreed with her arguments except for her argument concerning the purchase of a "book of business" by Mr. Buckley from Ms. Delphine Buschini. The purchase agreement required Buckley to pay Buschini 60 percent of any income received from the Buschini clients the first year, 50 percent the second year, and 40 percent the third year. This arrangement led to a taxation problem by which Mr. Buckley would be responsible for taxes on all of the Buschini-related income even though he only obtained 40 percent of that income the first year. Buckley and Buschini then rearranged their designation of the book of business in order to avoid the tax problem. The payments to Buschini were reclassified as a "consulting expense" that allowed the entirety of those payments to be deducted from Mr. Buckley's income for federal tax purposes.

Ms. Buckley challenged this arrangement at the hearing, presenting expert testimony that the book of business was an asset that should be depreciated over time instead of treated as a current business expense. Mr. Buckley explained the taxation

2

problem and how this book of business was not a true long-term asset. After hearing the competing arguments, the trial court allowed the deduction.

The court concluded that Mr. Buckley had a monthly net income of $7,247 while Ms. Buckley's monthly income was $2,155. This resulted in Mr. Buckley having a total monthly child support obligation of $1,805 that was reduced to $1,141 monthly when the older child turned 18 in July, 2014. The court required each side to pay their own expert and attorney fees.

Ms. Buckley timely appealed to this court.

## ANALYSIS

This appeal challenges the court's decision to permit the Buschini fees to be deducted from monthly income, the calculation of Mr. Buckley's gross/net income, and the court's refusal to award attorney fees. We address the issues in that order.

*Consulting Fee Deduction*

The principal issue here is whether the trial court properly allowed Mr. Buckley to deduct from his business (and, thus, personal) income, the expenses of sharing his commission with Ms. Buschini. The trial court considered the relevant evidence and law before making a fundamentally fair decision. There was no abuse of discretion.

A trial court's decision concerning the modification of child support is reviewed for manifest abuse of discretion. *In re Marriage of McCausland*, 159 Wn.2d 607, 616, 152 P.3d 1013 (2007). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Discretion is also abused if it is exercised contrary to law. *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995).

The legislature permits the deduction of normal business expenses in order to determine income. RCW 26.19.071(5)(h). The deductibility under federal tax law does not control the trial court's decision. *In re Marriage of Mull*, 61 Wn. App. 715, 722, 812 P.2d 125 (1991). In *Mull* the court held that "when a parent is required to make capital contributions in order to maintain his or her source of income and when such contributions are not made to evade greater support obligations, those contributions qualify as 'normal business expenses.'" *Id.* We believe that holding has force here.

In order to acquire the book of business, Mr. Buckley had to share the income from it. As the trial court noted, much of the money from the Buschini accounts did not actually reach Mr. Buckley, and none of that money would reach him except for the agreement with Ms. Buschini. As in *Mull*, the payments to Buschini were required in

order to have any income from the accounts. The expense being mandatory, the trial court understandably deducted it from the income calculation.

The trial court had a tenable and common sense reason for allowing the deduction. There was no abuse of discretion.

*Net Income Calculation*

Ms. Buckley argues that the trial court erred in its calculation of Mr. Buckley's income, contending both that the Buschini deduction should not have been permitted and that the court erred in entering the same amount for both his gross and his net income. We conclude that the net income figure was correctly calculated.

Our decision to permit the deduction of the Buschini expenses largely resolves this challenge. Although the court erred by putting the figure of $7,247 in both the net and gross income lines of the score sheet, that scrivener's error is harmless because the support obligation is calculated from the net income rather than gross income. RCW 26.19.020.

The court also correctly calculated the net income. Ms. Buckley proposed that Mr. Buckley's gross income was $8,387. The payments to Ms. Buschini over the 24-month period at issue was $27,363.50, which amounts to $1,140 per month. Deducting that figure from the $8,387 gross income results in a net income of $7,247—the same figure reached by the trial court.

The calculation method is clear despite the scrivener's error. Accordingly, we conclude that the trial court correctly calculated Mr. Buckley's monthly net income for purposes of determining the child support calculation. There was no error.

*Attorney Fees*

Ms. Buckley also argues that the trial court erred in denying her request for attorney fees and also asks that we award them to her on appeal in the event she prevails here. We conclude that the trial court again did not abuse its discretion in denying the requested fee award and, thus, necessarily reject her request for fees in this court.

"The trial court has great discretion in setting attorney fee awards and the appellate court will not reverse the determination unless it is untenable or manifestly unreasonable." *In re Marriage of Edwards*, 83 Wn. App. 715, 724-25, 924 P.2d 44 (1996). After considering the need for payment and ability to pay, the court has discretion to require one party to pay the other party's attorney fees. RCW 26.09.140. Here, the trial court declined to award fees after noting that the judge who had conducted the dissolution trial had denied fees to both parties. The hearing judge also noted that both parties were continuing to claim an inability to pay and that neither had been intransigent.

No. 31920-2-III
*In re Marriage of Buckley*

On this record the trial court cannot be said to have abused its discretion. While Mr. Buckley had the superior income, it did not appear that either side had significant liquid assets that might have permitted payment of fees without impact on their other obligations. Having considered its authority to award fees and reviewing the finances of the parties, the trial court had a tenable basis for denying the request. Although we could understand if the court had awarded Ms. Buckley her requested fees, we cannot say that the court abused its discretion by denying the request.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

7