B. FLETCHER, Circuit Judge:
 

 The bankruptcy code excludes from discharge debt that is “for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss.” 11 U.S.C. § 523(a)(7). In this case, we must decide whether the costs of attorney disciplinary proceedings brought by the State Bar of California (State Bar) are dischargeable in Chapter 7 bankruptcy, or instead are excluded from discharge by § 523(a)(7). Because we conclude that, in California, such costs are compensation to the State Bar for “actual pecuniary loss” rather than “fine[s], penalties], or forfeiture[s],” we reverse the decision of the Bankruptcy Appellate Panel and remand with instruction to discharge the appellant’s debt to the State Bar.
 

 BACKGROUND
 

 Timothy Taggart is an attorney admitted to the Bar in California. As a result of disciplinary proceedings before the California State Bar Court (Bar Court), the California Supreme Court issued two orders which, among other things, tempo
 
 *990
 
 rarily suspended Taggart from the practice of law and placed him on probation for two years.
 
 [1]
 
 California law requires the California Supreme Court to order disciplined attorneys to pay the costs of their disciplinary proceedings. Cal. Bus. & Prof.Code § 6086.10. The court awarded costs to the State Bar, and, pursuant to Cal. Bus. & Prof.Code § 6140.7, ordered Taggart to pay the costs as part of his bar membership fees for the next year. The costs amounted to $6,894.00. Shortly after the court issued its orders, Taggart filed for bankruptcy protection under Chapter 7, scheduling the State Bar as holding an unsecured claim in the amount of $10,000 for restitution and court costs. After Tag-gart received his discharge, the State Bar filed an adversary proceeding in the bankruptcy court, alleging that the order to pay costs was nondischargeable under § 523(a)(7). The State Bar filed a motion for summary judgment. The bankruptcy court granted the motion after a hearing, based on its conclusion that the State Bar is a governmental agency or entity and that the costs imposed in a disciplinary procedure constitute a penalty or fine. Taggart appealed to the Bankruptcy Appellate Panel (BAP). The BAP affirmed, agreeing with the bankruptcy court that the State Bar is a governmental agency and that the award of costs was a fine or penalty for § 523(a)(7) purposes. Taggart now appeals the decision of the BAP.
 
 [2]
 

 Standard Op Review
 

 “Because we are in as good a position as the BAP to review bankruptcy court rulings, we independently examine the bankruptcy court’s decision, reviewing the bankruptcy court’s interpretation of the Bankruptcy Code de novo and its factual findings for clear error.”
 
 United States v. Hatton (In re Hatton),
 
 220 F.3d 1057, 1059 (9th Cir.2000). In reviewing the bankruptcy court’s grant of summary judgment, we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the bankruptcy court correctly applied the substantive law.
 
 Parker v. Cmty. First Bank (In re Bakersfield Westar Ambulance, Inc.),
 
 123 F.3d 1243, 1245 (9th
 
 *991
 
 Cir.1997). No questions of fact are at issue in this appeal; the parties disagree only about whether the bankruptcy court correctly interpreted § 523(a)(7). Thus, our review is entirely de novo.
 

 Discussion
 

 A debt is exempted from discharge under § 523(a)(7) “to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss.” 11 U.S.C. § 523(a)(7). Taggart does not dispute that his debt for the costs of his disciplinary proceedings are payable to and for the benefit of the State Bar, a governmental unit. Instead, he argues that because the California Supreme Court ordered him to pay costs under Cal. Bus.
 
 &
 
 Prof.Code § 6086.10
 
 [3]
 
 rather than to pay a monetary sanction under Cal. Bus. & Prof.Code § 6086.13, his debt is compensation for the State Bar’s expenses rather than a fine or penalty. As such, he concludes, his debt is not exempt from discharge under § 523(a)(7). We agree.
 

 Two different sections of the California Business and Professional Code allow for the imposition of fees on disciplined attorneys. Section 6086.10 requires the imposition of the costs of an attorney’s disciplinary proceedings on any member of the State Bar who is publicly reproved. Cal. Bus. & Prof.Code § 6086.10.
 
 [3]
 
 By contrast, § 6086.13 permits the California Supreme Court to impose, in its discretion, a monetary sanction-in addition to any costs imposed under § 6086.10-on any State Bar member who is suspended or disbarred.
 
 Id.
 
 § 6086.13.
 
 [4]
 
 A comparison of the plain
 
 *992
 
 language of these two sections, a comparison of cost assessment in attorney disciplinary hearings with that in civil litigation, and a review of the legislative history of § 6086.13 demonstrate that while fees imposed under § 6086.13 constitute fines or penalties, those imposed under § 6086.10 do not.
 

 First, the fees levied under § 6086.10 are denominated “costs” and are imposed to reimburse the State Bar for “actual expenses” and “reasonable costs” associated with disciplinary hearings.
 
 Id.
 
 §§ 6086.10(a), (b). By contrast, fees authorized by § 6086.13 are described as “monetary sanctions” and are not dependent on any expenditure by the State Bar for their imposition. All that is required is that the attorney suffer the sanction of suspension or disbarment.
 
 Id.
 
 § 6086.13(a). It is also noteworthy that a disciplined attorney may be excused from paying costs under § 6086.10 on the grounds of “hardship, special circumstances, or other good cause.”
 
 Id.
 
 § 6086.10(c). No such exception exists for an attorney ordered to pay monetary sanctions under § 6086.13.
 
 See id.
 
 § 6086.13(e) (limiting collection of monetary sanctions to circumstances in which collection would “impair the collection of criminal penalties or civil judgments arising out of transactions connected with the discipline of the attorney”). This supports the impression that the California legislature intended monetary sanctions under § 6086.13, but not costs awards under § 6086.10, as punishment.
 
 [5]
 

 Second, while § 6086.10 requires disciplined attorneys to pay the costs associated with their disciplinary hearings, that section also entitles exonerated attorneys to reimbursement for the costs of defending themselves.
 
 Id.
 
 § 6086.10(d). Section 6086.10 is therefore analogous to a section of the California Civil Procedure Code that provides prevailing parties in civil suits the right to recover from the other party the prevailing party’s costs of litigation.
 
 See
 
 Cal.Civ.Proc.Code §§ 1032(a)(4), (b). The California Supreme Court has noted that disciplinary proceedings before the Bar Court “are
 
 sui generis,
 
 neither civil nor criminal in character.... [These proceedings] are administrative but of a nature of their own.... [They] are not governed by the rules of procedure governing civil or criminal litigation.”
 
 In re Rose,
 
 22 Cal.4th 430, 93 Cal.Rptr.2d 298, 993 P.2d 956, 962 (2000) (internal quotation marks and citation omitted). Section 6086.10 appears to import into the “sui generis” attorney dis-
 
 *993
 
 eiplinary context the standard California civil principle that “prevailing parties” are entitled to recover their costs of litigation.
 
 [6]
 

 Finally, the legislative history of § 6086.13 makes it clear that the section was enacted in order to create the possibility of fines in the context of attorney disciplinary proceedings, which did not exist under § 6086.10.
 
 See
 
 Senate Committee On JudiciaRY, Committee RepoRT For 1991 California Assembly Bill No. 2300 (August 11, 1992) (“[Attorney discipline includes orders of reprimand constituting a public or private reproval, suspension from practice, or disbarment.
 
 Fines or similar monetary sanctions are not authorized,
 
 though [Bus. & Prof.Code] Sec. 6086.10 requires disciplined attorneys ... to reimburse the Bar for
 
 costs incurred,
 
 in the disciplinary process .... ” (emphasis added)).
 
 [7]
 

 We acknowledge that the few reported cases that consider whether the costs of attorney disciplinary proceedings are excepted from discharge under § 523(a)(7) have held that such costs are nondischargeable.
 
 [8]
 
 Those cases-all concerning attorney disciplinary systems in jurisdictions other than California-have, by and large, analogized the costs of attorney disciplinary proceedings imposed on disciplined attorneys to the costs of criminal litigation imposed on convicted defendants.
 
 See, e.g., Bd. of Attorneys Prof'l Responsibility v. Haberman (In re Haberman),
 
 137 B.R. 292, 296 (Bankr.E.D.Wisc.1992).
 
 [9]
 
 
 *994
 
 However, where, as here, the structure of the statutes imposing fees on disciplined attorneys, the existence of mandatory fees in the civil context, and the legislative history of the statute imposing monetary sanctions on disciplined attorneys all indicate that California does not view the assessment of costs on disciplined attorneys as penal in nature, analogy to the criminal context is inapt.
 

 The stated purpose of § 6086.10, the existence of a separate statute allowing for the discretionary imposition of monetary sanctions, the existing legal background in which prevailing parties in civil litigation are entitled to recover costs, and the legislative history of § 6086.13 all indicate that costs imposed under § 6086.10 are not “fine[s], penalties], or forfeiture^],” but rather are compensation to the State Bar for “actual pecuniary loss.” Because Tag-gart’s debt to the State Bar is not penal in nature, the bankruptcy court erred in finding Taggart’s debt to the State Bar nondis-chargeable under § 523(a)(7).
 
 See Kelly v. Robinson,
 
 479 U.S. 36, 51, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (noting that § 523(a)(7) “creates a broad exception for all
 
 penal
 
 sanctions, whether they be denominated fines, penalties, or forfeitures” (emphasis added)).
 
 [10]
 

 Conclusion
 

 Because costs imposed under Cal. Bus. & Prof. Code § 6086.10 are compensation for “actual pecuniary loss” and are not “fine[s], penalties], or forfeiture[s],” Tag-gart’s debt to the State Bar of California should have been discharged. For this reason, we reverse the BAP’s judgment and remand with instructions that the BAP remand to the bankruptcy court with instructions to discharge the debt.
 

 REVERSED And Remanded With Instructions.
 

 [1]
 

 . In
 
 Hirsh v. Justices of the Supreme Court,
 
 67 F.3d 708 (9th Cir.1995), we provided a brief description of the attorney disciplinary system in California:
 

 Under California law, attorney disciplinary matters are handled by the State Bar Court ..., an administrative agency affiliated with the California State Bar Association. ... The Bar Court is divided into a Hearing Department and a Review Department. Disciplinary proceedings are commenced by serving the accused attorney with a Notice to Show Cause. The Hearing Department then conducts a formal adversarial hearing during which the accused attorney and a State Bar prosecutor present evidence before a Bar Court judge. The Hearing Department makes findings and a recommendation regarding appropriate discipline. The attorney may appeal to the Review Department, which reviews the Hearing Department's findings de novo and makes its own recommendation. The attorney may then file a petition for review with the California Supreme Court. The Supreme Court either grants review and issues a final order or denies review, in which case the Bar Court’s recommendation is filed as an order of the Supreme Court. Throughout this process, the Supreme Court retains inherent jurisdiction over attorney disciplinary matters.
 

 67 F.3d at 711-12 (citations and footnote omitted);
 
 see also In re Rose,
 
 22 Cal.4th 430, 93 Cal.Rptr.2d 298, 993 P.2d 956, 961-63 (2000).
 

 [2]
 

 . The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b). Taggart filed a timely notice of appeal from the bankruptcy court's decision to the BAP. The BAP had jurisdiction under 28 U.S.C. § 158(b). Taggart timely filed an appeal from the BAP's order affirming the bankruptcy court's judgment. We have jurisdiction under 28 U.S.C. § 158(d).
 

 [3]
 

 . That section states, in its entirety:
 

 (a) Any order imposing a public reproval on a member of the State Bar shall include a direction that the member shall pay costs. In any order imposing discipline, or accepting resignation with a disciplinary matter pending, the Supreme Court shall include a direction that the member pay costs.
 

 (b) The costs required to be imposed pursuant to this section include all of the following:
 

 (1) The actual expense incurred by the State Bar for the original and copies of any reporter's transcript of the State Bar proceedings, and any fee paid for the services of the reporter.
 

 (2) All expenses paid by the State Bar which would qualify as taxable costs recoverable in civil proceedings.
 

 (3) The charges determined by the State Bar to be "reasonable costs” of investigation, hearing, and review. These amounts shall serve to defray the costs, other than the fees for the services of attorneys or experts, of the State Bar in preparation or hearing of disciplinary proceedings, and costs incurred in the administrative processing of the disciplinary proceeding and in the administration of the client security fund.
 

 (c) A member may be granted relief, in whole or in part, from an order assessing costs under this section, or may be granted an extension of time to pay these costs, in the discretion of the State Bar, upon grounds of hardship, special circumstances, or other good cause.
 

 (d)In the event an attorney is exonerated of all charges following a formal hearing, he or she is entitled to reimbursement from the State Bar in an amount determined by the State Bar to be the reasonable expenses, other than fees for attorneys or experts, of preparation for the hearing.
 

 Cal. Bus. & Prof.Code § 6086.10.
 

 [4]
 

 . This section states, in its entirety:
 

 (a) Any order of the Supreme Court imposing suspension or disbarment of a member of the State Bar, or accepting resignation with a disciplinary matter pending may include an order that the member pay a monetary sanction not to exceed five thousand dollars ($5,000) for each violation, subject to a total limit of fifty thousand dollars ($50,000).
 

 (b) Monetary sanctions collected under subdivision (a) shall be deposited into the Client Security Fund.
 

 (c) The State Bar shall, with the approval of the Supreme Court, adopt rules setting forth guidelines for the imposition and collection of monetary sanctions under this section.
 

 
 *992
 
 (d) The authority granted under this section is in addition to the provisions of Section 6086.10 and any other authority to impose costs or monetary sanctions.
 

 (e) Monetary sanctions imposed under this section shall not be collected to the extent that the collection would impair the collection of criminal penalties or civil judgments arising out of transactions connected with the discipline of the attorney. In the event monetary sanctions are collected under this section and criminal penalties or civil judgments arising out of transactions connected with the discipline of the attorney are otherwise uncollectible, those penalties or judgments may be reimbursed from the Client Security Fund to the extent of the monetary sanctions collected under this section.
 

 Cal. Bus. & Prof.Code § 6086.13.
 

 [5]
 

 . In comparing §§ 6086.10 and 6086.13, we are unable to profit from state court opinions. No California court, including the state Bar Court, has published an opinion which even mentions § 6086.13. In addition, those reported cases which discuss § 6086.10 at any length are concerned only with the scope of the hearing judge’s discretion to grant relief under § 6086.10(c) to an attorney ordered to pay costs.
 
 See, e.g., In re Respondent J,
 
 2 Cal. State Bar Ct. Rptr. 273 (Cal. Bar Ct.1993). The great many other cases which mention § 6086.10 do so only in passing, when discussing an award of costs.
 
 See, e.g., In re Dixon, 4
 
 Cal. State Bar Ct. Rptr. 23, 24 (Cal. Bar
 
 Ct.1999).
 

 [6]
 

 . Section 1032 requires the imposition of costs even where the losing party's claims or defenses have merit.
 
 Cf.
 
 Cal. Civ. Pro.Code § 128.5(a) (permitting "trial courl[s to] order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay”). It is highly unlikely, then, that the California legislature imposed mandatory costs in civil proceedings in order to punish losing parties or to deter them from bringing litigation or asserting defenses. Thus, the mere fact that costs of disciplinary proceedings are mandatory is not evidence that they are punitive in nature.
 
 Cf.
 
 Cal. Bus. & Prof. Code § 6086.10(c) (permitting a disciplined attorney to seek relief from an order imposing costs on the grounds of “hardship, special circumstances, or other good cause”).
 

 [7]
 

 . We note lhaL the drafter of § 6086.10 also understood that section as not imposing a fine or penalty. Before the passage of § 6086.13, he wrote: "the practice of law is a privilege and not a right.... This raises the question, 'Why are disciplined attorneys not also subject to be fined?'
 
 Of course, the current rules do not so provide.
 
 However, they can be changed so that fines may be assessed in addition to other sanctions.” W. Noel Keyes,
 
 The Gross Inadequacy of Reimbursement of Costs by Disciplined Attorneys and Lack of Fines,
 
 26 Beverly Hill Bar Ass'n J. 184, 185 (1992) (emphasis added);
 
 see id.
 
 (noting authorship of § 6086.10).
 

 [8]
 

 . The following appear to be the only published cases that consider whether the costs of attorney disciplinary proceedings are nondis-chargeable under § 523(a)(7):
 
 Cillo v. Fla. Bar (In re Cillo),
 
 165 B.R. 46 (M.D.Fla.1994);
 
 Betts v. Attorney Registration & Disciplinary Comm’n,
 
 165 B.R. 870 (N.D.Ill.1994);
 
 Carlson v. Attorney Registration & Disciplinary Comm’n (In re Carlson),
 
 202 B.R. 946 (Bankr.N.D.Ill.1996);
 
 State Bar v. Doerr (In re Doerr),
 
 185 B.R. 533 (Bankr.W.D.Mich.1995);
 
 Fla. Bar v. Cilio (In re Cilio),
 
 159 B.R. 340 (Bankr.M.D.Fla.1993);
 
 In re Williams,
 
 158 B.R. 488 (Bankr.D.Idaho 1993);
 
 Attorney Registration & Disciplinaiy Comm’n v. Betts (In re Betts),
 
 149 B.R. 891 (Bankr.N.D.Ill.1993);
 
 Attorney Registration & Disciplinaiy Comm’n v. Lewis (In re Lewis),
 
 151 B.R. 200 (Bankr.C.D.Ill.1992);
 
 Bd. of Attorneys Prof'l Responsibility v. Haberman (In re Haberman),
 
 137 B.R. 292 (Bankr.E.D.Wisc.1992).
 

 [9]
 

 . The Supreme Court has held that "§ 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence.”
 
 Kelly v. Robinson,
 
 479 U.S. 36, 50, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Some circuits have held that, under
 
 Kelly,
 
 the costs imposed as part of
 
 *994
 
 a sentence for a criminal offense are nondis-chargeable under § 523(a)(7).
 
 See, e.g., In re Hollis,
 
 810 F.2d 106, 108 (6th Cir.1987). We have yet to address this issue.
 

 [10]
 

 . Taggart raises an equal protection claim, arguing that because California does not provide judicial review of disciplinary hearings for attorneys but does provide such review after comparable administrative hearings for other professions, the state "does not provide equal protection to all professions in California.” Since we conclude that Taggart's debt to the State Bar is not excluded from discharge by § 523(a)(7), we do not reach this issue.