MEMORANDUM **
Taggart did not appeal the bankruptcy court’s order regarding the Linfield debt, so he is barred from relitigating this issue by collateral estoppel.[1]
The California State Bar interpretation that the discharge injunction did not apply to the debt for costs was reasonable because prior to our decision in In re Taggart[2] both the bankruptcy court and the Bankruptcy Appellate Panel had determined that the debt was nondischargeable. In In re Taggart we acknowledged that reported decisions supported the conclusion that the debt was nondischargeable.[3] Because “a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court’s order,”[4] the California State Bar should not be held in contempt for relying on precedent interpreting that order to mean that the debt of costs were nondischargeable. Therefore, the bankruptcy court did not abuse its discretion by denying Taggart’s motion for contempt.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. See United States v. Palmer, 207 F.3d 566, 568 (9th Cir.2000).

. In re Taggart, 249 F.3d 987 (9th Cir.2001).

. Id. at 993.

. In re Dual-Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993) (internal quotation marks and citation omitted).