**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MIGUEL GADDA, Esq.,
　　　　　*Plaintiff-Appellant,*

v.

THE STATE BAR OF CALIFORNIA;
TRACEY MCCORMICK; BETTY YUNG;
THE SUPREME COURT OF THE
STATE OF CALIFORNIA; BOARD OF
IMMIGRATION APPEALS;
DEPARTMENT OF HOMELAND
SECURITY; MICHAEL CHERTOFF,
Secretary; JENNIFER BARNES;
MIRIAM HAYWARD; ALBERTO
GONZALEZ; MIMI S. YAM,
　　　　　*Defendants-Appellees.*

No. 06-15344

D.C. No.
CV-05-03112-MHP

OPINION

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted December 7, 2007*
San Francisco, California

Filed December 27, 2007

Before: Jerome Farris, Robert R. Beezer, and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge Beezer

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

16773

**COUNSEL**

Miguel Gadda, San Francisco, California, plaintiff-appellant, *pro se*.

Kevin V. Ryan, United States Attorney, Joann M. Swanson, Chief, Civil Division, and Edward A. Olsen, Assistant United States Attorney, San Francisco, California, for defendant-appellees Board of Immigration Appeals, Department of Homeland Security, Michael Chertoff, Jennifer Barnes, Miriam Hayward, Alberto Gonzalez and Mimi S. Yam.

Michael Von Loewenfeldt and Holly Hogan, San Francisco, California; Marie M. Moffat, Lawrence C. Yee and Colin P. Wong, Office of General Counsel, The State Bar of California, San Francisco, California, for defendant-appellees The State Bar of California, Tracey McCormick and Betty Yung.

**OPINION**

BEEZER, Circuit Judge:

Miguel Gadda ("Gadda") appeals, pro se, the district court's order granting defendants' motions to dismiss and for judgment on the pleadings. Because the retroactive application of the 2003 amendment to section 6080.10 of the Califor-

nia Business and Professions Code violates neither the Due Process Clause of the Fourteenth Amendment nor the Ex Post Facto Clause, we affirm.

# I

Gadda was admitted to the California State Bar ("the Bar") in 1975. He became a member of the bar of the United States District Court for the Northern District of California, the United States Court of Appeals for the Ninth Circuit and the Supreme Court of the United States. Gadda, who was authorized to practice before the Board of Immigration Appeals ("BIA") and all immigration courts throughout the United States, practiced exclusively in the immigration and federal courts.

In 1990, the Supreme Court of California suspended Gadda from practice for two years for several instances of client neglect. *Gadda v. State Bar of Cal.*, 787 P.2d 95, 102 (Cal. 1990). The Hearing Department of the State Bar Court determined in 2000 that Gadda had committed myriad acts of misconduct from 1994 to 1999. *In re Gadda*, 2002 WL 31012596, at *1 (Cal. Bar Ct. 2002). The Review Department of the Bar agreed and held that Gadda's disbarment was warranted under the circumstances. *Id.* Gadda has now been disbarred by the State of California, the BIA, the United States District Court for Northern District of California and the Ninth Circuit Court of Appeals. *See Gadda v. Ashcroft*, 377 F.3d 934 (9th Cir. 2004) (recounting Gadda's professional misdeeds and ordering him disbarred from the practice of law before the Ninth Circuit).

On November 15, 2002, the Bar filed a Certificate of Costs in the amount of $21,845.14. In a February 2003 order, the California Supreme Court adopted the Review Department's order recommending disbarment and costs. Gadda did not challenge the cost order. On June 1, 2005, the Bar sent Gadda a letter requesting that he voluntarily pay the owed costs. If

he did not, the Bar warned, a judgment would be filed against him in state court pursuant to the 2003 amendments to sections 6086.10 and 6140.5 of the Business and Professions Code.[1]

Gadda filed suit in the Northern District of California against the Bar, Bar employees Tracey McCormick and Betty Yung, the Supreme Court of California, the BIA, the Department of Homeland Security ("DHS"), DHS Secretary Michael Chertoff, Executive Office for Immigration Review attorney Jennifer Barnes and Immigration Judges Miriam Hayward, Mimi S. Yam and Alberto Gonzales. In his First Amended Complaint, Gadda made numerous challenges to his disbarment and to the Bar's ability to collect disbarment costs from him. After requesting briefing and holding a hearing, the district court dismissed Gadda's complaint with prejudice in its entirety. Gadda timely appeals.[2]

## II

We review a judgment dismissing a case on the pleadings de novo. *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). We review a district court's dismissal for failure to state a claim de novo. *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1072 (9th Cir. 2006).

---

[1]Sections 6140.5 and 6086.10 are frequently referenced together in the pleadings and in the record. Section 6140.5 concerns Client Security Funds. The Bar has not suggested that Gadda owes any such assessments nor has any court ordered them from Gadda. Both parties agree in their briefs that section 6140.5 is not at issue in this appeal.

[2]Gadda has not raised any issues affecting the federal appellees in his opening appellate brief. *Officers for Justice v. Civil Serv. Comm'n*, 979 F.2d 721, 726 (9th Cir. 1992). In his reply brief, Gadda attempts to correct his oversight by stating that he had intended to preserve those issues, but he again fails to articulate any colorable argument with respect to them. It is well established that issues cannot be raised for the first time in a reply brief. *See United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995).

### III

**[1]** Gadda argues that the Bar is unconstitutionally applying the 2003 amendment to section 6086.10 against him retroactively. There is a traditional presumption against the retroactive application of legislation. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994). In California, "[i]t is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent." *Aetna Cas. & Sur. Co. v. Indus. Accident Comm'n*, 182 P.2d 159, 161 (Cal. 1947).[3]

"California law requires the California Supreme Court to order disciplined attorneys to pay the costs of their disciplinary proceedings." *In re Taggart*, 249 F.3d 987, 990 (9th Cir. 2001); *see also* Cal. Bus. & Prof. Code § 6086.10(a) ("In any order imposing discipline, or accepting a resignation with a disciplinary matter pending, the Supreme Court shall include a direction that the member shall pay costs."). When the California Supreme Court entered the $21,845.14 cost order against Gadda in February 2003, section 6140.7 of the Business and Professions Code stated that "costs assessed against a member who resigns with disciplinary charges pending or by a member who is actually suspended or disbarred shall be paid as a condition of reinstatement of or return to active membership." At that time, the Business and Professions Code did not provide a method for enforcing the cost award. Rather, it was the Bar's practice to collect a cost award from a disciplined attorney only upon application for readmission. On September 8, 2003, the California Legislature amended the code to permit enforcement of an order imposing costs in a money judgment. Cal. Bus. & Prof. Code § 6086.10(a). The Bar seeks such a money judgment from Gadda.

---

[3]In determining whether California's statutory amendment applies retroactively, we use California rules of statutory construction. *In re Eastport Assocs.*, 935 F.2d 1071, 1079 (9th Cir. 1991) (citing *In re Anderson*, 824 F.2d 754, 756 (9th Cir. 1987)).

**[2]** The Bar argues that the California Supreme Court's cost order was authorized by law before the 2003 amendments were enacted and that section 6086.10 is not being applied retroactively to Gadda. The Bar suggests that the amendment merely provided a vehicle for the Bar to collect the debt that Gadda already owed and is not retroactive in the constitutional sense. "[A] retroactive or retrospective law 'is one which affects rights, obligations, acts, transactions and conditions which are performed or exist prior to the adoption of the statute.' " *Myers v. Philip Morris Cos.*, 28 Cal. 4th 828, 839 (2002); *see also Landgraf*, 511 U.S. at 269. Gadda's debt was originally due only upon reinstatement or return, but after the 2003 amendments the Bar may enforce the cost order as a money judgment. This change affects Gadda's rights and obligations that existed prior to the amendments. The Bar's attempt to collect Gadda's owed costs under section 6086.10 is a retroactive application of the statute.

Having found that the Bar is seeking to apply section 6086.10 to Gadda retroactively, we determine whether the California legislature intended for the statute to be so applied. "California courts comply with the legal principle that unless there is an 'express retroactivity provision, a statute will *not* be applied retroactively unless it is *very clear* from extrinsic sources that the Legislature must have intended a retroactive application.' " *Myers*, 28 Cal. 4th at 841 (quoting *Evangelatos v. Sup. Ct.*, 44 Cal. 3d 1188, 1209 (1988)). A statute that is ambiguous as to retroactivity will be construed as unambiguously prospective. *Id.* Here, the plain language of section 6086.10 does not give any indication whether the legislature intended it to apply retroactively.

**[3]** In the absence of express retroactivity language in the statute, extrinsic sources must show that the legislature clearly intended retroactive application of the statute. *Id.* at 844. The legislative history of the statutory amendment reveals that clear intent. The session laws for the 2003 amendments state, "[i]t is the intent of the Legislature that the changes made to

Sections 6086.10 and 6140.5 of the Business and Professions Code by this act *shall apply to costs and assessments ordered but unpaid* on the date this act becomes operative." 2003 Cal. Stat. 334 (emphasis added). In Gadda's case, the California Supreme Court ordered his debt paid on February 21, 2003. Section 6086.10, as amended, went into effect on January 1, 2004. The California Legislature clearly intended that Section 6086.10 be retroactively applicable to disbarred attorneys such as Gadda.

[4] Even where the legislature intends for legislation to apply retroactively, such legislation may still run afoul of the Due Process Clause of the Fourteenth Amendment. Retrospective economic legislation need only survive rational basis review in order to pass constitutional muster. That is, the statute must be based on "a legitimate legislative purpose furthered by rational means." *Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1100 (9th Cir. 2003) (quoting *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 191 (1992)). In amending section 6086.10, California's legislative purpose was a legitimate one: to recover costs owed to the Bar by disbarred attorneys who do not seek readmission. The amendment is rationally related to that legitimate end: by providing a mechanism to obtain a money judgment, the Bar can now more easily recover costs owed to it. California's retroactive application of section 6086.10 does not offend due process.

Gadda raises two further arguments as to why section 6086.10 is being improperly applied against him. Citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995), he contends that the finality of the California Supreme Court's cost order protects him from the effect of new legislation. In *Plaut*, the Supreme Court held that Congress could not declare through retroactive legislation that the law applicable to a particular case was something different from what a court said it was. 514 U.S. at 227. *Plaut* is inapplicable here. The 2003 amendments to section 6086.10 did not alter a court's interpretation

of the law, but merely provided the Bar with a new avenue to collect owed costs.

**[5]** Gadda also argues that the retroactive application of section 6086.10 runs afoul of the Ex Post Facto Clause because the 2003 amendments indicate that the costs imposed are now "penalties." Cal. Bus. & Prof. Code § 6086.10(e). Under the Supreme Court's decision in *Smith v. Doe*, 538 U.S. 84 (2003), there is a two-step inquiry to determine whether section 6086.10 constitutes retroactive punishment forbidden by the Ex Post Facto Clause: (1) whether the intent of the California legislature in enacting the statute was to impose punishment and (2) if so, whether it is "so punitive either in purpose or effect as to negate [the State's] intention to deem it civil." *Hatton v. Bonner*, 356 F.3d 955, 961 (9th Cir. 2004) (internal quotation omitted). The costs imposed against Gadda were ordered pursuant to existing law. According to the statute, the purpose of the imposition of costs is to "promote rehabilitation and to protect the public." Cal. Bus. & Prof. Code § 6086.10(e). The 2003 amendments to section 6086.10 merely provide a new avenue for the Bar to recover those costs. The availability of a new mechanism to collect costs already owed cannot be construed as remotely punitive so as to negate California's civil intentions. The Ex Post Facto clause is not implicated by the retroactive application of section 6086.10.

## IV

Gadda claims that the district court improperly dismissed his claims with prejudice and without leave to amend. "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). Gadda has not suggested any possible way that he could cure his complaint to survive dismissal upon amendment, nor is one apparent. Because allowing amendment would be futile, we hold that the district

court properly dismissed Gadda's claims with prejudice and without leave to amend. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## V

Gadda contends that the district court erred by failing to consider his summary judgment motion before dismissing the case. It is well established that district judges have "inherent power to control their dockets." *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). The district judge's decision to rule on the defendants' motions before Gadda's summary judgment motion was clearly within her authority.[4]

## VI

Gadda argues that the Bar had no jurisdiction over him to collect costs because he only practices in federal immigration court. We have previously considered this argument, *Gadda*, 377 F.3d at 943—46 (9th Cir. 2004), and again reject it here.

**AFFIRMED.**

---

[4]Gadda's argument is particularly misplaced because he actually agreed with the defendants' request for an extension of time to file a response to his motion for summary judgment until after their motions were ruled upon.