Stephen M. HEAD, Plaintiff—
Appellant,

v.

BOARD OF TRUSTEES OF The CALI-
FORNIA STATE UNIVERSITY; Don
W. Kassing, individually and in his
capacity as Interim President of San
Jose State University; Susan Meyers,
individually and in her capacity as
Dean of the San Jose State Universi-
ty School of Education; Cathy M.
Buell, individually and in her capaci-
ties as Department Chair of the San
Jose State University School of Edu-
cation, Secondary Education Depart-
ment, and as Associate Professor in
the San Jose State University School
of Education; Helen Mary Kress, in-
dividually and in her capacity as As-
sistant Professor in the San Jose
State University School of Education;
the National Council on Teacher Ac-
creditation; and Charles B. Reed, in-
dividually and in his capacity as
Chancellor of California State Uni-
versity, Defendants—Appellees.

No. 06–16668.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2008.*

Filed April 2, 2008.

Stephen M. Head, Fremont, CA, pro se.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

John A. Shupe, Esq., Anita L. Rimes, Esq., Shupe & Finkelstein, San Mateo, CA, for Defendants–Appellees.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM **

Stephen M. Head, a former student at San Jose State University, appeals the dismissal of his pro se civil rights action. He alleges that various university defendants violated his due process, free speech, and equal protection rights by requiring him to take a course on "multiculturalism" where he was forced to adopt "predetermined radical leftist or otherwise socially controversial viewpoints" that are counter to his conservative positions.

■ We affirm the dismissal. Although we must accept all allegations in Head's complaint as true and construe them in a light most favorable to him, *see Stoner v. Santa Clara County,* 502 F.3d 1116, 1120 (9th Cir.2007), we agree with the district court that Head does not state a cause of action against any defendant. Rather, his complaint merely recounts that he was sometimes not allowed to discuss issues in class to the full extent he sought and that he was once criticized by the instructor for his political views. Whatever constitutional rights are to be afforded to students, *see Flint v. Dennison,* 488 F.3d 816, 829 n. 9 (9th Cir.2007) (noting uncertainty of the standard to apply to university students), there was clearly no violation here. As the district court noted, a "student must

learn the premises of the course and how to apply them. Learning the course material in no way compromises one's personal right to believe as he wishes."

■ Head argues we should review his course grade. He conceded in district court, however, that "the grade is not the issue" because he was challenging his failing grade in state court. He asserted he would be in federal court even if he had received an "A" in the course. We will not consider a claim abandoned below and not considered by the district court. *See Harik v. California Teachers Ass'n,* 326 F.3d 1042, 1052 (9th Cir.2003).

Head also argues he should be permitted to amend his complaint. Such an amendment should be allowed unless it is clear that the deficiencies of the complaint cannot be cured. *Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir.2007). The district court applied that standard and concluded "[a]mendment of the complaint would be futile." We agree. Head does not offer any amendment he would make or any additional facts he would allege that might state a colorable claim. *See Gadda v. State Bar of California,* 511 F.3d 933, 939 (9th Cir.2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.