**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: JOHN WILLIAM FINDLEY, III,
                          *Debtor,*

———————————————

THE STATE BAR OF CALIFORNIA, a
Public Corporation,
                          *Appellant,*

                    v.

JOHN WILLIAM FINDLEY, III,
                          *Appellee.*

No. 08-60024

BAP Nos.
NC-07-01187-
KJuMk
06-4180-LT

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Klein, Markell, and Jury, Bankruptcy Judges, Presiding

Argued and Submitted
October 7, 2009—San Francisco, California

Filed February 1, 2010

Before: David R. Thompson and Sidney R. Thomas,
Circuit Judges, and Ann Aldrich,* District Judge.

Opinion by Judge Thomas

———————————————

*The Honorable Ann Aldrich, Senior United States District Judge for
the Northern District of Ohio, sitting by designation.

## COUNSEL

Kevin W. Coleman; San Francisco, California; Nancy Winkelman and Nilam A. Sanghvi; Philadelphia, Pennsylvania; Schader Harrison Segal & Lewis LLP; Philadelphia, Pennsylvania; for the appellant.

John W. Findley; Ventura, California; Pro Se appellee.

## OPINION

THOMAS, Circuit Judge:

In this appeal, we consider whether § 523(a)(7) of the Bankruptcy Code protects from discharge attorney disciplinary costs imposed under California law. Pursuant to the 2003 amendments to the California Business and Professions Code, we conclude that the costs imposed are non-dischargeable.

## I

Appellee John William Findley, III is an attorney and member of the State Bar of California ("State Bar"). After the California State Bar Court determined that Findley had violated provisions of the California Rules of Professional Conduct and the Business and Professions Code in his dealings with a client, the Bar Court recommended a one-year suspension and a two-year probationary period. The Bar Court Review Department adopted that recommendation with minor modifications.

The State Bar assessed Findley a $14,054.94 fee to cover the cost of his disciplinary proceedings pursuant to § 6086.10(a) of the California Business and Professions Code, which mandates such an assessment, absent proof of hardship, when an attorney has been disciplined. The sum included $406.80 for the cost of certifying court documents, $128.25 for the cost of Review Department transcripts, and $56.89 for witness fees. The remaining $13,463.00 was a standard, pre-set charge based on the procedural point at which the disciplinary proceeding was resolved — in Findley's case, at the State Bar Review Department. The California Supreme Court adopted the disciplinary cost award order and the Review Department's opinion. California law requires the payment of attorney disciplinary costs as a prerequisite to reinstatement. Cal. Bus. & Prof. Code § 6140.7.

While his case was pending before the Review Department, Findley had filed for Chapter 7 Bankruptcy. Although the disciplinary cost order became final after Findley filed for bankruptcy, the costs were imposed because of misconduct committed prior to his bankruptcy filing. Therefore, the discharge order applies to the disciplinary cost debt unless the debt is excepted under § 523(a)(7). *See* 11 U.S.C. § 727(b); *Papadakis v. Zelis (In re Zelis)*, 66 F.3d 205, 209 (9th Cir. 1995) (a debt arises for purposes of discharge in bankruptcy when the act giving rise to liability occurs). Findley success-

fully concluded his Chapter 7 proceedings and received discharge of his debts. Asserting that his bankruptcy discharge excused payment, Findley declined to pay the disciplinary cost award and sought reinstatement to the practice of law.

The State Bar subsequently brought this action against Findley in Bankruptcy Court, seeking a determination that 11 U.S.C. § 523(a)(7) excepted the disciplinary cost award from discharge. The Bankruptcy Court held Findley's disciplinary award non-dischargeable and granted summary judgment for the State Bar. The Bankruptcy Appellate Panel ("BAP") reversed, relying on our decision in *State Bar of California v. Taggart (In re Taggart)*, 249 F.3d 987 (9th Cir. 2001) ("*Taggart*"), which held attorney disciplinary costs imposed under a previous version of Cal. Bus. & Prof. Code § 6086.10 eligible for discharge. This timely appeal followed.

"Because we are in as good a position as the BAP to review bankruptcy court rulings, we independently examine the bankruptcy court's decision, reviewing the bankruptcy court's interpretation of the Bankruptcy Code de novo and its factual findings for clear error." *Taggart*, 249 F.3d at 990 (quoting *United States v. Hatton (In re Hatton)*, 220 F.3d 1057, 1059 (9th Cir. 2000)) (internal quotation marks omitted).

II

**[1]** In *Taggart*, we held that an attorney disciplinary cost award imposed under prior California law was dischargeable in bankruptcy, because the award was not a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit," but rather provided "compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7); *see* 249 F.3d at 989. In response to *Taggart*, California amended the California Business and Professions Code in 2003. The central question in this case is whether the 2003 amendments are sufficient for us to conclude that attorney disciplinary costs imposed under

§ 6086.10 now satisfy the requirements of § 523(a)(7) and are not subject to discharge in bankruptcy.

In conducting this analysis, we are mindful that three judge panels of our Circuit are bound by prior panel opinions "unless an en banc decision, Supreme Court decision or subsequent legislation undermines those decisions." *Nghiem v. NEC Electronic, Inc.*, 25 F.3d 1437, 1441 (9th Cir. 1994). In this case, however, our task is not to revisit *Taggart*, but to determine whether the amendments to the statute are sufficient to render the imposed costs non-dischargeable in bankruptcy. *See Davis v. United States*, 169 F.3d 1196, 1199 (9th Cir. 1999) (reconsidering prior precedent in light of statutory amendments).

A

Section 523(a)(7) excepts a debt from discharge "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss."[1] The parties agree that Findley's disciplinary cost debt is payable to and for the benefit of a governmental unit, but disagree over whether it constitutes a fine, penalty, or forfeiture or instead provides compensation for actual pecuniary loss.

In *Taggart*, we held that attorney disciplinary costs imposed under a prior version of § 6086.10 did not meet the

---

[1]The full text of § 523(a)(7) provides that a debt of an individual is excepted from discharge:

> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

> (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

requirements of § 523(a)(7). 249 F.3d at 989. At the time, § 6086.10 stated:

(a) Any order imposing a public reproval on a member of the State Bar shall include a direction that the member shall pay costs. In any order imposing discipline, or accepting a resignation with a disciplinary matter pending, the Supreme Court shall include a direction that the member shall pay costs.

(b) The costs required to be imposed pursuant to this section include all of the following:

(1) The actual expense incurred by the State Bar for the original and copies of any reporter's transcript of the State Bar proceedings, and any fee paid for the services of the reporter.

(2) All expenses paid by the State Bar which would qualify as taxable costs recoverable in civil proceedings.

(3) The charges determined by the State Bar to be "reasonable costs" of investigation, hearing, and review. These amounts shall serve to defray the costs, other than fees for the services of attorneys or experts, of the State Bar in the preparation or hearing of disciplinary proceedings, and costs incurred in the administrative processing of the disciplinary proceeding and in the administration of the Client Security Fund.

(c) A member may be granted relief, in whole or in part, from an order assessing costs under this section, or may be granted an extension of time to pay these costs, in the discretion of the State Bar, upon

grounds of hardship, special circumstances, or other good cause.

(d) In the event an attorney is exonerated of all charges following a formal hearing, he or she is entitled to reimbursement from the State Bar in an amount determined by the State Bar to be the reasonable expenses, other than fees for attorneys or experts, of preparation for the hearing.

Cal. Bus. & Prof. Code § 6086.10 (2001).

In *Taggart*, we identified three reasons for our conclusion that the § 6086.10 attorney disciplinary costs served as "compensation for actual pecuniary loss." First, we analyzed the § 6086.10 costs in light of § 6086.13 of the California Business and Professions Code, a separate statute authorizing discretionary "monetary sanctions" for attorney misconduct. 249 F.3d at 991. We concluded that the statutory language of § 6086.10 — which imposed "costs" for "actual expenses" and "reasonable costs" — as well as the existence of a hardship exemption under § 6086.10, but not § 6086.13, "support[ed] the impression that the California legislature intended monetary sanctions under § 6086.13, but not costs awards under § 6086.10, as punishment." 249 F.3d at 993 (footnote omitted). Next, we considered the legislative history of § 6086.13, and determined that "the section was enacted in order to create the possibility of fines in the context of attorney disciplinary proceedings, which did not exist under § 6086.10." 249 F.3d at 993 (citations omitted); see also *id.* at 993 n.7 ("not[ing] that the drafter of § 6086.10 . . . understood that section as not imposing a fine or penalty") (citations omitted). Finally, we observed similarities between attorney disciplinary costs imposed under § 6086.10 and the costs awarded to prevailing parties in civil litigation. *Id.* at 992-93.[2] Reasoning by analogy that it was "highly unlikely"

---

[2] We found the analogy apt because "[w]hile § 6086.10 requires disciplined attorneys to pay the costs associated with their disciplinary hear-

that California "imposed mandatory costs in civil proceedings in order to punish losing parties or to deter them from bringing litigation," we concluded that the legislature intended for the § 6086.10 costs to serve compensatory ends. *Id.* at 993 n.6.

We acknowledged in *Taggart* that all of the reported cases to consider the issue had held attorney disciplinary costs nondischargeable. *See* 249 F.3d at 993-94 & n.8 (listing cases). These cases, as we explained, "by and large, analogized the costs of attorney disciplinary proceedings to the costs of criminal litigation imposed on convicted defendants," 249 F.3d at 994, relying on the Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36 (1986), which held a criminal restitution award nondischargeable under § 523(a)(7). We distinguished these opposing precedents, however, concluding that "analogy to the criminal context is inapt" where:

> the structure of the statutes imposing fees on disciplined attorneys, the existence of mandatory fees in the civil context, and the legislative history of the statute imposing monetary sanctions on disciplined attorneys all indicate that California does not view the assessment of costs on disciplined attorneys as penal in nature.

249 F.3d at 994.

## B

**[2]** In response to *Taggart*, the California legislature amended § 6086.10 and added subsection (e). That subsection states:

---

ings, that section also entitles exonerated attorneys to reimbursement for the costs of defending themselves." *Taggart*, 249 F.3d at 992 (citing Cal. Bus. & Prof. Code § 6086.10(d) (2001).

> In addition to other monetary sanctions as may be ordered by the Supreme Court pursuant to Section 6086.13, costs imposed pursuant to this section are penalties, payable to and for the benefit of the State Bar of California, a public corporation created pursuant to Article VI of the California Constitution, to promote rehabilitation and to protect the public. This subdivision is declaratory of existing law.

Cal. Bus. & Prof. Code § 6086.10(e).

**[3]** The amendment undermines the *Taggart* analysis in several ways. First, § 6086.10(e) clarifies that the California legislature's intent in imposing attorney disciplinary costs was "to promote rehabilitation and to protect the public," rather than to provide compensation, as we inferred in *Taggart*.[3]

**[4]** Second, § 6086.10(e) eliminates the distinction we identified in *Taggart* between the "costs" imposed through § 6086.10 and the "sanctions" leveled through § 6086.13, by labeling attorney disciplinary costs as "penalties" imposed "[i]n addition to other monetary sanctions." *See Taggart*, 249 F.3d at 991-93. The plain language of the amended provision thus strongly suggests that the California legislature disagreed with the *Taggart* court's inferences about its intent in enacting § 6086.10.

The legislative history of the provision supports this conclusion. The Enrolled Bill Report for Assembly Bill 1708, the vehicle for adding subsection (e) of the amended § 6086.10, stated:

> One of these [new] provisions [in Section 6086.10]

---

[3]The language of the amendment tracks the Supreme Court's proclamation in *Kelly* that state "penal and rehabilitative interests . . . are sufficient to place [a debt] within the meaning of § 523(a)(7)," at least with respect to restitution orders. *See Kelly*, 479 U.S. at 53.

would clarify that orders to pay disciplinary costs, like the costs of prosecution imposed on criminal defendants, would be analogous to fines and not dischargeable in bankruptcy.

It further stated that:

Section 6086.10 would (1) enable the Bar to pursue orders for disciplined attorneys to pay the costs of their discipline . . . as money judgments; and (2) specify that orders to pay disciplinary costs are penalties, as originally intended by the Legislature, and therefore not dischargeable in bankruptcy.

*Id.* Finally, Lawrence Doyle, drafter of the amendment, explained in a declaration submitted for the record that:

Section 6086.10(e) was added to the California Business and Professions Code to expressly clarify and re-state the intent of the California Legislature that disciplinary costs are monetary sanctions and are a part of the punishment imposed on California lawyers for professional misconduct by making him or her pay for part of the costs of the proceeding.

These statements comport with the Supreme Court's recognition in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), that "[t]he ultimate objective of [attorney disciplinary] control is the protection of the public, the purification of the bar and the prevention of a reoccurrence." *Id.* at 434 (quotation omitted); *see also Chadwick v. State Bar*, 49 Cal. 3d 103, 111 (Cal. 1989) (observing that the "principle concern" of disciplinary proceedings is "the protection of the public, the preservation of confidence in the legal profession, and the maintenance of the highest possible professional standard for attorneys") (quotation omitted).

As the BAP noted, amended § 6086.10 did retain certain structural elements identified In *Taggart* as indicative of a compensatory purpose. Section 6086.10 costs continue to reimburse the State Bar for "actual expenses" and "reasonable costs" and depend on state expenditures for their imposition. *See Taggart*, 249 F.3d at 992 (quoting Cal. Bus. & Prof. Code § 6086.10(b) (2001)). Additionally, the overall structure of § 6086.10 and 6086.13 — including the existence of a hardship exemption for § 6086.10 cost awards, but not for § 6086.13 sanctions — remains unchanged.

However, *Taggart* identified these features in order to discern California's legislative intent in enacting the prior version of § 6086.10. The California legislature's express statement in the 2003 amendment to § 6086.10(e) that it enacted attorney disciplinary costs to serve penal and rehabilitative ends thus undermines the result in *Taggart*.

Further, disciplinary costs need not vary with the nature of the offense to be non-compensatory in nature. *See, e.g.*, *Thompson v. Commonwealth of Va. (In re Thompson)*, 16 F.3d 576, 580 (4th Cir. 1994) (holding prosecution cost awards to be penal rather than non-compensatory despite their relationship to the length of a trial rather than the underlying offense). Moreover, the disciplinary costs here apply only to misconduct that merits public reproval, suspension or disbarment. Cal. Bus. & Prof. Code § 6086.10(a).

**[5]** For these reasons, we conclude that the 2003 amendments to Cal. Bus. & Prof. Code § 6086.10 are sufficient to render attorney discipline costs imposed by the California State Bar Court non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(7).

## C

Our decision in *Gadda v. State Bar*, 511 F.3d 933 (9th Cir. 2007), does not compel a contrary conclusion, as Findley sug-

gests. In *Gadda*, we held that retroactive application of a provision permitting the State Bar to enforce cost orders through a money judgment did not constitute punishment under the Ex Post Facto Clause. *Id.* at 939. We recognized that the costs imposed against the debtor in that case "were ordered pursuant to existing law," and merely considered whether "the availability of a new mechanism to collect costs already owed" implicates Ex Post Facto Clause concerns. *Id.* In holding that no Ex Post Facto problem existed, we reasoned that, "[t]he 2003 amendments to section 6086.10 merely provide a new avenue for the Bar to recover those costs . . . . [and] cannot be construed as remotely punitive so as to negate California's civil intentions." *Id.* We did not suggest in *Gadda* that the attorney disciplinary costs themselves were non-punitive. Therefore, *Gadda* is inapplicable in this context.

## III

**[6]** For the foregoing reasons, we conclude that, after the 2003 statutory amendments, attorney disciplinary costs imposed by the California State Bar Court pursuant to Cal. Bus. & Prof. Code § 6086.10 are excepted from discharge in bankruptcy pursuant to 11 U.S.C. § 523(a)(7). Accordingly, we reverse the BAP and reinstate the bankruptcy court's grant of summary judgment for the State Bar.

**REVERSED.**