NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIHAR DESAI, DBA The Alameda Hotel, Trustee of the Hemangini Revocable Living Trust dated 1/21/05,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF LOS ANGELES, a municipal corporation, and LOS ANGELES HOUSING DEPARTMENT,<br><br>        Defendants - Appellees. | No. 13-55725<br><br>D.C. No. 2:10-cv-08495-DSF-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 7, 2015[**]
Pasadena, California

Before: BEA and FRIEDLAND, Circuit Judges and RICE,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Thomas O. Rice, United States District Judge for the Eastern District of Washington, sitting by designation.

1

Plaintiff Nihar Desai appeals the district court's judgment and denial of administrative mandamus in an action related to the classification of his hotel under Los Angeles's Residential Hotel Unit Conversion and Demolition Ordinance ("Ordinance"). L.A. Mun. Code §§ 47.70-47.89. We affirm.

The district court correctly concluded that Plaintiff's challenge to the designation of the hotel itself as a residential hotel was time-barred. A petition for writ of mandate challenging a local agency decision must be filed within ninety days of the date the decision becomes final. Cal. Code Civ. Proc. § 1094.6(b). The Los Angeles Housing Department ("LAHD") notified Plaintiff of the residential-hotel determination in September 2008, and the determination became final two months later when Plaintiff failed to appeal. *See id*. Plaintiff thus had until February 2009 to seek a writ of mandate, but he did not do so until November 2010. His challenge was therefore time-barred. Plaintiff's counter-arguments are without merit.[1]

Plaintiff's procedural due process claim fails because LAHD was not required to hold a hearing prior to its initial determinations or to bear the burden of

---

[1] In passing, Plaintiff's opening brief asserts that the determination of the number of residential units in his hotel was not supported by substantial evidence. Plaintiff fails to provide sufficient information to enable this court to evaluate this argument, however, and it is therefore waived. *See Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived.").

proof in any hearing. *See Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 612 (1974)

("[W]e have repeatedly held that no hearing at the preliminary stage is required by

due process so long as the requisite hearing is held before the final administrative

order becomes effective." (internal quotation marks omitted)); *Fairchild*

*Semiconductor Corp. v. EPA*, 984 F.2d 283, 289 (9th Cir. 1993) ("It is sufficient

[under the Due Process Clause], where only property rights are concerned, that

there is at some stage an opportunity for a hearing and a judicial determination."

(alteration in original and internal quotation marks omitted)); *Wilcox v. Comm'r*,

848 F.2d 1007, 1008 (9th Cir. 1988) (holding that placing the burden of proof on a

taxpayer to demonstrate a tax deficiency assessment was incorrect did not violate

due process).

Plaintiff's substantive due process claim also fails. First, even if the

Ordinance could fairly be described as retroactive, evaluating occupancy by

reference to a date prior to the Ordinance was a rational method of preventing hotel

owners from manipulating the determination. *See Gadda v. State Bar of Cal.*, 511

F.3d 933, 938 (9th Cir. 2007) ("Retrospective economic legislation need only

survive rational basis review in order to pass constitutional muster."). Second,

Plaintiff fails to explain how violations of California law—namely, the Ellis Act

and the requirement of a reasonable amortization period—could constitute federal

due process violations. And, even if they could, the Ordinance need only have a

3

rational basis to survive a substantive due process challenge because only economic interests, as opposed to a fundamental right, are at stake. *See Kim v. United States*, 121 F.3d 1269, 1273 (9th Cir. 1997). The Ordinance was certainly rational in that it attempted to preserve low-income housing in Los Angeles by limiting residential-hotel owners' ability to convert their properties to other uses.

Plaintiff's vagueness challenge to the Ordinance's use of the term "primary residence" fails because persons of common intelligence do not have to guess at the meaning of "primary residence." *See Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 554 (9th Cir. 2004); *United States v. Shetler*, 665 F.3d 1150, 1164-65 (9th Cir. 2011).[2]

Finally, Plaintiff is mistaken that the district court did not rule on his takings claim. The district court resolved the takings claim when it rejected Plaintiff's argument that he was entitled to compensation for the changed use of his hotel.[3]

**AFFIRMED.**

---

[2] Plaintiff waived any additional vagueness arguments in the opening brief by failing to raise them below. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) ("Generally, arguments not raised in the district court will not be considered for the first time on appeal.").

[3] To the extent Plaintiff understands himself to be making additional arguments on appeal, such arguments were insufficiently explained to be preserved. *See Maldonado*, 556 F.3d at 1048 n.4.