**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO FERNANDEZ SEGURA, | No.   20-70379 |
| Petitioner, | Agency No. A090-076-984 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2020[**]
Pasadena, California

Before:  N.R. SMITH and LEE, Circuit Judges, and KENNELLY,[***] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Fernando Fernandez Segura, a native of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's ("IJ") conclusion that his conviction was a particularly serious crime and the IJ's denial of his application for deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

1.      Fernandez Segura challenges the immigration court's jurisdiction because his Notice to Appear was deficient. We have rejected this jurisdictional argument in *Aguilar Fermin v. Barr*, 958 F.3d 887, 894-95 (9th Cir. 2020) and *Karingithi v. Whittaker*, 913 F.3d 1158, 1159 (9th Cir. 2019). The immigration court properly cured the deficiencies by issuing subsequent notices that included the necessary information in advance of Fernandez Segura's hearings. *See Aguilar Fermin*, 958 F.3d at 894-95.

2.      The BIA, by relying on the IJ's reasoning, properly concluded that Fernandez Segura's conviction for importation of marijuana under 21 U.S.C. §§ 952 & 960 was a particularly serious crime barring him from withholding of removal. *See Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (standard of review); *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (explaining that when the BIA relies on an IJ's reasoning, we "examine the reasoning articulated in

the IJ's oral decision").  The IJ properly applied the *Matter of Y-L-* factors and explained why Fernandez Segura did not rebut the presumption.  *See Matter of Y-L-*, 23 I. & N. Dec. 270, 275-76 (A.G. 2002), *disapproved of on other grounds by Zheng v. Ashcroft*, 332 F.3d 1186 (9th Cir. 2003).

Contrary to Fernandez Segura's argument, *Matter of Y-L-* did not designate drug trafficking crimes as per se particularly serious crimes.  *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947 (9th Cir. 2007).[1]  Further, neither *Matter of Y-L-* nor *Miguel-Miguel* limits the ability of an IJ to consider mental health evidence as set forth in *Gomez-Sanchez v. Sessions*, 892 F.3d 985, 990 (9th Cir. 2018).  Rather, *Matter of Y-L-*'s presumption requires a petitioner meet the six requirements before "other, more unusual circumstances [such as mental health evidence] might justify departure from the presumption" *Miguel-Miguel*, 500 F.3d at 947 (alteration and quotation marks omitted) (quoting *Matter of Y-L-*, 23 I. & N. Dec. at 277).

---

[1] Fernandez Segura requests that we revisit *Miguel-Miguel*.  We decline; *Miguel-Miguel* was correctly decided.  Further, even if we were to agree with Fernandez Segura, we lack the authority to overrule a prior panel decision.  *See State Bar of Cal. v. Findley*, 593 F.3d 1048, 1050 (9th Cir. 2010) ("[T]hree judge panels of our Circuit are bound by prior panel opinions 'unless an en banc decision, Supreme Court decision or subsequent legislation undermines those decisions.'" (quoting *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1441 (9th Cir. 1994))).

3.      Substantial evidence supports the BIA's conclusion that Fernandez Segura was ineligible for deferral of removal under CAT. *See Flores-Vega*, 932 F.3d at 887. The record does not suggest that the BIA failed to consider record evidence. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004). To the contrary, the BIA, citing to the IJ's decision, properly concluded that Fernandez Segura's fear of torture was based on speculation. *See In re J.F.F.*, 23 I. & N. Dec. 912, 917-18 (A.G. 2006) ("The evidence does not establish that any step in this hypothetical chain of events is more likely than not to happen, let alone that the entire chain will come together to result in the probability of torture of respondent."). Fernandez Segura has not pointed to any specific evidence in the record that would compel a conclusion that he will be tortured if removed to Mexico. *See Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**[2]

---

[2] Fernandez Segura's Motions for Stay of Removal (Dkts. 1 & 8) are denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.